✎AO 241                                                                                                                                                    Page 1
(Rev. 10/07)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.   You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.   Make sure the form is typed or neatly written.

4.   You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.   Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.   You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.   In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.   When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

> Clerk, United States District Court for
> Address
> City, State Zip Code

9.   **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.   **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner) |
|---|
| v. |

| The Attorney General of the State of |
|---|

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:



     (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

     (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?    ❒ Yes    ❒ No

5.    Identify all crimes of which you were convicted and sentenced in this case:




6.    (a) What was your plea? (Check one)

|  | ❒ (1) | Not guilty | ❒ (3) | Nolo contendere (no contest) |
|---|---|---|---|---|
|  | ❒ (2) | Guilty | ❒ (4) | Insanity plea |

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

      ❐   Jury      ❐   Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ❐   Yes      ❐   No

8.    Did you appeal from the judgment of conviction?

      ❐   Yes      ❐   No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❐  Yes    ❐   No

      If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❒  Yes     ❒   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❒  Yes          ❒   No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒   Yes     ❒   No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑   Yes    ❑   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒  Yes    ❒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:    ❒   Yes    ❒   No

(2)  Second petition:    ❒   Yes    ❒   No

(3)  Third petition:    ❒   Yes    ❒   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❏ Yes  ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes  ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏   Yes     ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏   Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                           ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?                       ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?       ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❑ Yes ❑ No

(4) Did you appeal from the denial of your motion or petition? ❑ Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❑ Yes ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND FIVE:

IAC arising from trial counsel's failure to file proper pre-trial motions regarding, or otherwise timely object to, improper and highly prejudicial testimony.

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim.

According to Melissa's defense theory of the case, Mariah's death was the unfortunate result of a fall down a flight of stairs a few days before her death. Tab 9 (Affidavit ¶ c). According to the State's theory of the case, Melissa was Mariah's sole caregiver and repeatedly abused her over a period of 88 days culminating in a final, fatal beating. 32 RR 15-18; 36 RR 17-20, 39-57.

Trial counsel was deficient for failing to: (1) challenge the State's use of information obtained through custodial questioning by CPS Therapist Beto Juarez after Melissa's arrest, without a contemporaneous Miranda waiver, and without counsel present, (2) challenge Dr. Farley's improper "expert" testimony as scientifically invalid, subjective, and conclusory, (3) challenge the State's "Shaken Baby Syndrome" evidence as junk science, sheer speculation, and more prejudicial than probative, (4) object to Dr. Farley's improper testimony regarding the results of forensic examinations conducted by nontestifying experts, (5) object to the State's punishment phase questions regarding Melissa's prior, unrelated DWI conviction even though evidence of that conviction had never been admitted.

If proper motions or objections had been raised, they would have been granted or sustained and the evidence excluded from the Jury's consideration. The failure to object resulted in admission of damaging evidence which prejudiced Melissa's defense and altered the outcome of the trial.

(b)   If you did not exhaust your state remedies on Ground Five, explain why:

(c)   **Direct Appeal of Ground Five**:

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

IAC claims not cognizable on direct appeal because they require proof outside the record.

(d)   **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: State Application for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:
138th Judicial District Court of Cameron County, Texas

Docket or case number (if you know): 07-CR-885-B-WR

Date of the court's decision: 07/23/2013

Result (attach a copy of the court's opinion or order, if available):

Denial of Relief Recommended

(3) Did you receive a hearing on your motion or petition?     ☐ Yes  ☒   No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-72,702-02

Date of the court's decision: 01/09/2013

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Five:


GROUND SIX:

Brady violation.  Melissa was deprived of due process and due course of law when the State failed to disclose
potentially exculpatory evidence in sufficient time for the defense to utilize it at trial

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim.

The State did not disclose "voluminous" and "complicated" CPS Records containing critical exculpatory evidence
and the identities of additional witnesses in sufficient time for trial counsel to review, digest, and incorporate into
defense case before trial began. Counsel was unable to interview potential witnesses identified in CPS Records
because State had extracted a promise no such interviews would be conducted unless leave obtained from Court and
State allowed to respond.  There was no time to do this in the middle of trial. Evidence disclosed too late to
subpoena additional witnesses in any event.

The State also did not disclose video recordings of forensic interviews with three of Melissa's children conducted by
a State Agency the day following the victim's death until the middle of trial.  The recordings contained exculpatory
information.  Counsel was unable to re-interview the children because they were in State custody and the State had
extracted a promise no such interviews would be conducted unless leave obtained from Court and State allowed to
respond.  There was no time to do this in the middle of trial.  Evidence disclosed too late to subpoena additional
witnesses in any event in any event.

Trial counsel objected to tardy disclosure and requested add'l time which was denied.
The evidence was material to guilt/innocence and/or punishment issues.
Tardy disclosure prejudiced defense and altered the outcome of the trial.

(b)   If you did not exhaust your state remedies on Ground Six, explain why:

(c) **Direct Appeal of Ground Six**:

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:
Required proof outside record of evidence not disclosed.

(d) **Post-Conviction Proceedings**:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: State Application for Writ of Habeas Corpus

    Name and location of the court where the motion or petition was filed:
138th Judicial District Court of Cameron County, Texas

    Docket or case number (if you know): 07-CR-885-B-WR

    Date of the court's decision: 07/23/2013

    Result (attach a copy of the court's opinion or order, if available):
Denial of Relief Recommended

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒   No

    (4) Did you appeal from the denial of your motion or petition?   ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
Texas Court of Criminal Appeals, Austin, Texas

    Docket or case number (if you know): WR-72,702-02

    Date of the court's decision: 01/09/2013

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Six:

✎AO 24                                                                                                    Page 12-4
(Rev. 10/07)

GROUND SEVEN:

IAC arising from trial counsel's failure to preserve trial error for review on direct appeal.

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim.

           Trial counsel was deficient for failing to raise proper objection in order to preserve error regarding (1) the
deprivation of right to counsel at and after magistration and State's subsequent use of uncounseled statements to
Juarez and DWI conviction during the punishment phase, (2) the erroneous admission of Melissa's custodial
statement to police as involuntary and taken in violation of her right to remain silent, (3) the State's tardy production
of CPS records and the Maggie's House interviews, and (4) the trial court's erroneous exclusion or restriction of
expert testimony by Villanueva and Dr. Pinkerman during the Guilt/Innocence phase of her trial
           The underlying claims were meritorious and the objections should have been granted. Had proper
objections been made and denied, the issues could have been considered on the merits on direct appeal or during
state habeas proceedings. They were deemed waived by the reviewing court for failure to properly object.
           The failure to raise proper objections resulted in admission of harmful evidence which prejudiced the
defense and left Melissa with no appellate remedy.

(b)   If you did not exhaust your state remedies on Ground Seven, explain why:


(c) **Direct Appeal of Ground Seven**:

           (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☒ No

           (2) If you did not raise this issue in your direct appeal, explain why:
           IAC claims cannot be raised on direct appeal because they require proof outside the record.

(d) **Post-Conviction Proceedings**:

           (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
           state trial court?

           ☒ Yes ☐ No

           (2) If your answer to Question (d)(1) is "Yes," state:

           Type of motion or petition: State Application for Writ of Habeas Corpus

           Name and location of the court where the motion or petition was filed:
           138th Judicial District Court of Cameron County, Texas

           Docket or case number (if you know): 07-CR-885-B-WR

           Date of the court's decision: 07/23/2013

           Result (attach a copy of the court's opinion or order, if available):
           Denial of Relief Recommended

           (3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☒   No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-72,702-02

Date of the court's decision: 01/09/2013

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:


GROUND EIGHT:

The trial court deprived the defendant of a fair and impartial judge and jury and due process of law when he commented upon the evidence by laughing at a defense expert during testimony where such conduct was observed by the jury

(a)   Supporting facts (Do not argue or cite case law. Just state the specific facts that support your claim.

Testimony of qualified medical experts as to the cause of the victim's death was critical to the jury's determination of an essential element of the case.  The trial court laughed and/or made facial gestures during the testimony of the defendant's only medical expert regarding the cause of the victim's death.  The trial court's conduct constituted a impermissible comment upon the evidence to the jury that the defense expert's testimony was "humourous" rather than credible.  Trial counsel raised a timely objection.  The trial court's conduct prejudiced the defense case and altered the outcome of the trial.

(b)   If you did not exhaust your state remedies on Ground Eight, explain why:


(c) **Direct Appeal of Ground Eight**:

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
Issue required Findings of Facts from the trial court regarding matters not contained in the record.

(d) **Post-Conviction Proceedings**:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: State Application for Writ of Habeas Corpus

    Name and location of the court where the motion or petition was filed:
    138th Judicial District Court of Cameron County, Texas

    Docket or case number (if you know): 07-CR-885-B-WR

    Date of the court's decision: 07/23/2013

    Result (attach a copy of the court's opinion or order, if available):
    Denial of Relief Recommended

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes ☒   No

    (4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
    Texas Court of Criminal Appeals, Austin, Texas

    Docket or case number (if you know): WR-72,702-02

    Date of the court's decision: 01/09/2013

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:

✎AO 24                                                                                                   Page 12-7
(Rev. 10/07)

GROUND NINE:

 IAC on appeal arising from the failure to provide an indigent defendant with a certified transcript of a recording
admitted into evidence portions of which were inaudible and portions of which were in Spanish but not translated

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim.

         During trial, the State played the complete video recording of Melissa's statement for the jury. 32 RR 51 et
seq. The statement was contained on three DVDs. SX 3, 4, 5.  The court reporter did not transcribe the video and the
portions in Spanish were not being translated. 32 RR 58.  Trial counsel requested a certified transcription and the
State agreed to provide one; they never did. Appellate counsel also requested a transcription but none was provided.
The portions of the recording which were either inaudible or not translated were effectively "missing" from the
record.
         Appellate counsel was deficient because he could not comply with his obligation to review the entire record
when portions were missing.  Appellate counsel was unable to identify issues or evidence supporting issues which
might have been contained in the inaudible or un-translated portions of the video such as whether the defendant
invoked her right to counsel or her right to remain silent.
         The deficiency resulted in prejudice to the extent that the still-inaudible and untranslated evidence would
support relief from the conviction or sentence.

(b)   If you did not exhaust your state remedies on Ground Nine, explain why:

(c)  **Direct Appeal of Ground Nine**:

         (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes  ☒  No

         (2) If you did not raise this issue in your direct appeal, explain why:

         IAC claims cannot be raised on direct appeal because they require proof outside the record.
         IAC of Appellate Counsel cannot reasonably be expected to be raised on Appeal by Appellate Counsel
against himself

(d)  **Post-Conviction Proceedings**:

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
         state trial court?

         ☒ Yes ☐ No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition: State Application for Writ of Habeas Corpus

         Name and location of the court where the motion or petition was filed:
         138th Judicial District Court of Cameron County, Texas

         Docket or case number (if you know): 07-CR-885-B-WR

         Date of the court's decision: 07/23/2013

         Result (attach a copy of the court's opinion or order, if available):

Denial of Relief Recommended

(3) Did you receive a hearing on your motion or petition?   ☐ Yes  ☒   No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-72,702-02

Date of the court's decision: 01/09/2013

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Nine:


GROUND TEN:

Melissa is entitled to habeas relief because she is actually innocent of the offense of capital murder

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim.

 Melissa was never alone with Mariah during the 24 to 48 hours during which she is alleged to have brutally beaten
her to death,  Despite the presence of at least four potential witnesses at any given time during the relevant 24 to 48
period the State has no witness who can testify to observing Melissa beating Mariah.  Mariah's fatal closed-head
injury was forensically consistent with the fall down a flight of stairs described by Melissa and witnessed by her son

(b)   If you did not exhaust your state remedies on Ground Ten, explain why:


(c) **Direct Appeal of Ground Ten**:

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes ☒   No

(2) If you did not raise this issue in your direct appeal, explain why:

The claim required proof outside the record.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: State Application for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:
138th Judicial District Court of Cameron County, Texas

Docket or case number (if you know): 07-CR-885-B-WR

Date of the court's decision: 07/23/2013

Result (attach a copy of the court's opinion or order, if available):
Denial of Relief Recommended

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☒   No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-72,702-02

Date of the court's decision: 01/09/2013

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Ten:

GROUND ELEVEN:

The trial court violated Melissa's constitutional due process right recognized by Beck v. Alabama, 447 U.S. 625 (1980), to receive a jury instruction on the lesser included offense of injury to a child

(a)   Supporting facts (Do not argue or cite case law.  Just state the specific facts that support your claim).

Mariah's body was covered in bruises and Melissa did admit to police during her interrogation to causing many of her old injuries – truthfully or not.  But Melissa never admitted doing anything which might have caused Mariah's fatal head injury or contemporaneous new bruises.  She simply could not explain to police where they had come from except maybe from Mariah's recent tumble down a flight of stairs.  She just wasn't sure.  But this was explained when medical experts testified that it was a "closed-head" injury, i.e. one not visible on the outside of the skull or skin.  Furthermore, according to those medical experts, Mariah's fatal closed-head injury occurred 24-48 hours before her death.  Although Melissa was never alone with Mariah during this time period, the State failed to produce a single witness who could testify to having observed Melissa beating Mariah.  But there was evidence that Melissa had told the EMTs and police – from the very beginning – that Mariah had fallen down a flight of stairs during the critical time window.  There is also evidence that the physical injuries and progression of Mariah's symptoms were not inconsistent with that fall.

Trial counsel requested a lesser included offense instruction on a charge of injury to a child and submitted the instruction in writing for consideration.  During the charge conference, the trial judge denied the request and the instruction was not given to the jury during the guilt/innocence phase of the trial.

(b)   If you did not exhaust your state remedies on Ground Eleven, explain why:

(c)   **Direct Appeal of Ground Eleven**:

> (1) If you appealed from the judgment of conviction, did you raise this issue?  ☒Yes  ☐ No

> (2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings**:

> (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

> ☐ Yes  ☒ No

> (2) If your answer to Question (d)(1) is "Yes," state:

> Type of motion or petition:

> Name and location of the court where the motion or petition was filed:

> Docket or case number (if you know):

> Date of the court's decision:

> Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐   No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eleven:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ❑   Yes        ❑   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ❑   Yes        ❑   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ❑   Yes        ❑   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?              ❐   Yes        ❐   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:




(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ❐   Yes        ❐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

> (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
> custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> >   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
> >   of the time for seeking such review;
> >
> >   (B)    the date on which the impediment to filing an application created by State action in violation of
> >   the Constitution or laws of the United States is removed, if the applicant was prevented from
> >   filing by such state action;
> >
> >   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
> >   Court, if the right has been newly recognized by the Supreme Court and made retroactively
> >   applicable to cases on collateral review; or
> >
> >   (D)    the date on which the factual predicate of the claim or claims presented could have been
> >   discovered through the exercise of due diligence.

✎AO 241                                                                                                          Page 16
(Rev. 10/07)

      (2)       The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

                    Signature of Attorney (if any)"

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was                 _____     (month, date, year).

Executed (signed) on    _____    (date).

_____

                     Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.