# CCA Scanning Cover Sheet



2383066

| | |
|---|---|
| CaseNumber: | WR-72,702-01 |
| EventDate: | 09/14/2009 |
| Style 1: | LUCIO, MELISSA ELIZABETH |
| Style 2: | |
| Event code: | 11.071 WRIT RECD |

| | |
|---|---|
| EventID: | 2383066 |
| Applicant first name: | MELISSA ELIZABETH |
| Applicant last name: | LUCIO |
| Offense: | 19.03 |
| Offense code: | Capital Murder |
| Trial court case number: | 07-CR-885-B |
| Trial court name: | 138th District Court |
| Trial court number: | 320310138 |
| County: | Cameron |
| Trial court ID: | 148 |
| Event map code: | FILING |
| Event description: | Original Writ of Mandamus |
| Event description code: | OR/MAN |
| Remarks: | |

☐ Document Scanned                                    ☐ Created or
                                                      ☐ Appended

_____        _____        _____
Scanned by                 date            Image ID

Comment
_____

_____

_____

Scanned  Oct 15, 2010

APPLICANT   MELISSA ELIZABETH LUCIO    APPLICATION NO.  72,702-01

PETITION FOR PROHIBITION OR
MANDAMUS                        XXX

MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS
DENIED WITHOUT WRITTEN ORDER.

_Per Curiam_ _____    9/23/09
JUDGE                                                DATE

Scanned Oct 15, 2010



No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in
Cause No.AP 76,020 now pending in this Court, and
John Henry Ramirez, Appellant in Cause No.AP
76,100 now pending in this Court, and Larry
Warner, Attorney for each of them in the noted
appeals, Relators

**Motion for Leave to File Petition for
Prohibition or Mandamus TEX.R.APP.P.72.1**

TO THE HONORABLE PRESIDING JUDGE AND THE JUDGES OF
THE COURT OF CRIMINAL APPEALS OF TEXAS:

Relators move the Court of Criminal Appeals of

Texas for leave to file a Petition for

Prohibition, or, alternatively, a Petition for

Mandamus, as follows:

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 1 4 2009
Louise Pearson, Clerk

1. The 138th District Court of Cameron County

notified Mr. Warner at 2:39 p.m. on Friday,

September 11, 2009 that it would hold a "hearing

on the continued representation of Defendant on

her Appeal by the Honorable Larry Warner on the 15th day of September 2009, at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas." **(State of Texas vs. Melissa Elizabeth Lucio)** No.07-CR-885-B(138th District Court Cameron County Sept.11,2009) A verified copy of the Order is attached to this Motion and to the Petition as Exhibit "A".

2. The 138th District Court does not have jurisdiction to remove Mr. Warner as counsel for Melissa Elizabeth Lucio.

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v.**

**State,** 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores,** 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra,**at 223 hn1

3. Filing of the complete record deprives the trial court of jurisdiction in Melissa Lucio's case.

> "A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond." **Farris v. S t a t e ,** 7 1 2 S . W . 2 d 5 1 2 , 5 1 3 hn1(Tex.Crim.App.1986)

4. Melissa Elizabeth Lucio, in her capacity as Appellant in Cause No.AP 76,02 now pending in the

Court of Criminal Appeals of Texas, objects to any

attempt to remove Mr. Warner as her counsel Cause

No.AP 76,02 now pending in this Court. **Stearnes v.**

**Clinton**, 780 S.W.2d 216,217(Tex.Crim.App.1989) Mr.

Warner objects to being removed as counsel for

Melissa Elizabeth Lucio.   This Court noted in

**Stearnes**:

> "This original action has been filed by a
> capital murder defendant in Lubbock
> County. Leave to file was granted with
> respect to relator's allegation number
> one. In this allegation relator Stearnes
> seeks to have this Court issue a writ of
> mandamus directing the trial court to
> vacate an order removing relator's court
> appointed counsel from the case. ***We
> will address only relator's allegation
> number one. We will grant relief on this
> allegation." **Stearnes** at 217

> "[O]nce an attorney is appointed the same
> attorney-client relationship is
> established and it should be protected."
> **Stearnes** at 222 hn1

5. John Henry Ramirez, in his capacity as

Appellant in Cause No.AP 76,100 now pending in the

Court of Criminal Appeals of Texas, objects to any

attempt to remove Mr. Warner as his counsel Cause

No.AP 76,100 now pending in this Court. **Stearnes**

**v. Clinton,**780 S.W.2d 216,217(Tex.Crim.App.1989)

Mr. Warner objects to being removed as counsel for

John Henry Ramirez.

    This Court quoted with approval:

> "An inviolate attorney-client relationship
> has been created and should not be
> arbitrarily disturbed. The fact that the
> county was paying for counsel does not in
> and of itself provide the trial court with
> sufficient justification for arbitrary
> removal of... [appointed attorney] over
> the objections of [client] and
> [attorney]." **Matter of Welfare of**
> **M.R.S.,400 N.W.2d 147(Minn.App.1987)**
> quoted with approval **Stearnes** at 222 hn1

    6. Counsel makes the following representations

of fact to the Court of Criminal Appeals. "We may

accept uncontroverted representations of counsel

as evidence." **Davis v. State,**130 S.W.3d519,521-522(Tex.App.-Dallas 2004,no pet.)

Mr. Warner was appointed capital appellate counsel for the Fifth Administrative Region. Mr. Warner has been removed as capital appellate counsel for the Fifth Administrative Region without any meeting of the committee established by TEX.CODE CRIM.P.art.26.052( c) Counsel has complied with the requirement of continuing education set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the following seminar:

> The Development and Integration of Mitigation
> Evidence in Capital Cases
> April 16-19, 2009
> Marriott Philadelphia Downtown
> Philadelphia, PA
> Contact: Chastain Smith
> Email: Chastain_Smith@ao.uscourts.gov
> PROGRAM DESCRIPTION
> This seminar has been held annually since the

Supreme Court decision in **Wiggins v. Smith**, 539 U.S. 510 (2003), which recognized the ABA Guidelines as "well-defined norms" in capital defense and acknowledged the importance of the non-lawyer who compiled the mitigation evidence. Scores of federal and state reviewing courts have now cited the ABA Guidelines as a national standard in the development of mitigation evidence, and the Supplementary Guidelines for the Mitigation Function published in 2008 have explained in detail the duties and obligations of counsel and the whole defense team in conducting a thorough social history investigation. This year's seminar will address recent advances in neuroscience and mental health, issues relating to race and culture, and how the mitigation investigation involves much more than preparation for a sentencing proceeding. Through a combination of plenaries and small groups, the seminar will explore both general and specific mitigation issues affecting cases in a variety of procedural postures."

Counsel mailed proof of attendance at that seminar to the Adminstrative Judge of the Fifth Administrative Region in April, 2009.

Counsel is scheduled to attend a three-day seminar at The Center for American and International Law 5201 Democracy Drive | Plano,

Texas 75024-3561 in November, 2009 on post-judgment judicial proceedings, including appeals, in capital cases. The courses are:

> November 11-12 Habeas: Brief Writing--for the Defense Plano, TX
> November 13 Appellate Training/Capital Specific--Defense Plano, TX

7. Counsel makes the following representations to the Court of Criminal Appeals. **Davis,supra**

On Friday, September 11,2009, Miriam, the Judge's secretary in the 138th District Court of Cameron County called me about 2 p.m. and asked me for a fax number to send me an order. I gave her a number. She sent me Exhibit "A", which announces a hearing "on the continued representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.

I called the 138th and asked to talk to the Judge. He was unavailable. I talked to Raul, the court coordinator. Raul told me that I had been removed as capital appellate counsel for the Fifth Administrative Region and that was what the hearing was about.

Melissa's husband is on trial for injury to the same child she was convicted of murdering. She had been subpoenaed as a witness in that trial. I had filed the following:

"In the 107th District Court of Cameron County, Texas

**The State of Texas vs. Roberto Antonio Alvarez** 08-CR-1622A **Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness Against Oneself** TO THE HONORABLE JUDGE OF SAID COURT: Mr. Warner, Counsel for Melissa Elizabeth Lucio, moves the District Court to quash the subpoena for Melissa Elizabeth Lucio. . . . "

I called Attorney Ed Stapleton, the lawyer for Alvarez. Mr. Stapleton told me that Rene Gonzalez, an assistant district attorney, had come to court earlier in the day and had told the judge in that 107th District Court that "Mr.Warner had been removed as capital appellate counsel for the Fifth Administrative Region". Mr. Stapleton told me that the Judge of the 138th District Court had told Mr. Stapleton that the "Presiding Judges of the Region removed Mr. Warner as capital appellate counsel".

I then called Attorney Hector Rene Gonzalez of Corpus Christi. I represent John Henry Ramirez on his appeal to this Court; Mr. Gonzalez represents John Henry Ramirez on prosecutions now pending in the 94th District Court of Nueces County for the underlying felonies which were the basis for raising the charge to a capital one on the matter now on appeal to this Court.

Attorney Hector Rene Gonzalez is a member of the committee for the Fifth Administrative Region set out in TEX.CODE CRIM.P.art.26.052( c) & art.26.052(d)(4).

Mr. Hector Rene Gonzalez told me that the Committee had not had any meetings recently and had not had any meeting at which I was removed as capital appellate counsel.


The very first inkling I got of having been removed as capital appellate counsel for Melissa Lucio and for John Henry Ramirez was at 2:39 p.m. on Friday, September 11, 2009 when I got the faxed order mentioned above from the secretary at the 138th District Court. I have had no notice or opportunity to be heard whatsoever.

8. Further representations:

I have an established attorney-client relationship with John Henry Ramirez. I spent an entire day with him on two separate occasions, the most recent at the trial court's evidentiary hearing on the Motion for New Trial and the evidentiary hearing on the Bills of Exception. On each occasion I met with Mr. Ramirez face-to-face without any bars or glass between us sitting next to each other. Based on his response to my request that he discuss the operative facts and based on his response to my explanation of the procedure, I am confident that he trusts me.

Mr. Ramirez accepts me and trusts me. I know because he talked openly with me and listened to my explanations.

I am communicating with Mr. Ramirez by letter at the moment. He is on death row.

I have an established long-term attorney

client relationship with Melissa Elizabeth Lucio, who is currently in the downtown Cameron County Jail.

I attended the second stage of the trial in person. I represent her pro bono in two matters related to her capital case. One, noted above, is

08-CR-

**1622A The State of Texas vs. Roberto Antonio Alvarez Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness Against Oneself,** 107th District Court, Cameron County; two, In the Child Protective Services Court, James Belton, Judge, In the Matter of the Children of Melissa Elizabeth Lucio. Attorney Olga Barron represents Ms. Lucio's interest in the children. I represent her penal interest in not providing additional evidence in the criminal matter. I spoke to Ms. Barron four days ago. The matter

continues to be postponed for further review.

I see Ms. Lucio about once a week.

She trusts me and is following my advice. After I had seen her regularly for some time she told me things that she had not told any other lawyers, not even her defense lawyers at trial, that relate to her trial and appeal.

Ms. Lucio accepts me and trusts me.

9. The Cameron County District Attorney's office tried once before to have me removed from representing Ms. Lucio on her appeal to the Court of Criminal Appeals. The proceeding was in the 138th District Court. She and I both objected, citing **Stearnes v. Clinton, supra.** Their challenge was rejected.

10. This Court has noted that appeal is an inadequate remedy in this situation.

"The remedy of appeal is simply inappropriate to the situation present here. While we acknowledge that an indigent defendant has no right under the Federal or State Constitutions to have counsel of his choosing, the right-to-counsel provisions of the respective constitutions prevents the trial court from unreasonably interfering with the counsel duly appointed. Once a valid appointment has been made, the trial court cannot arbitrarily remove him as attorney of record over the objections of the defendant and counsel. Having appointed counsel, a criminal defendant should not be subjected to a trial and appeal process without the appointed counsel he had grown to accept and gain confidence in. The utilization of the appellate process in this situation to correct this particular ill would be too burdensome and would only aggravate the harm and most likely would result in a new trial compelling relator to again endure a trip through the system,1. FN2 creating in turn needless additional cost to the taxpayers of this state.We have the tools to right a wrong and prevent placing this relator into "appellate orbit." Simply put, under the facts of this case an appeal does not provide an adequate remedy even if it results in a reversal and new trial."**Stearnes** at

225 hn8

11. If a judge cannot remove counsel under these facts, then neither can the presiding judge of the Fifth Administrative Region and neither can the committee set up under TEX.CODE CRIM.P.art.26.052( c) and 26.052(d)(4) If one judge cannot remove counsel under these facts, then neither can several judges, because the interest to be protected is the attorney-client relationship. If one judge cannot remove counsel under these facts, then neither can a committee, because the interest to be protected is the attorney-client relationship.

12. Allowing this hearing to go forward at 1 p.m. on September 15, 2009 in the 138th District Court will irreparably damage my relationship as attorney with my client Melissa Lucio. She will be present at a hearing convened by the same judge who appointed me to represent her in the first

place. She will likely begin to wonder if she should follow my advice, such as not to testify in her husband's trial and not to testify in the cps proceedings, lest any testimony be used against her were we to obtain a new trial in our appeal to this Court.

Conclusion and request for relief

The Court of Criminal Appeals of Texas should grant leave to file a Petition for Mandamus or Prohibition. TEX.R.APP.P.72.1

Respectfully submitted this September 12, 2009,

Larry Warner,

Attorney at law/Attorney for Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
**website: larrywarner.com**
**State Bar of Tx 20871500;**
**USDC,SDTX 1230(1981)**
**Bd.Cert.,Crim.Law,**
**T x . B d .      L e g a l**
**Specialization(1983)**
**Member of the Bar of the**
**Supreme Court of the United**
**States(1984)**

No.


In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No. AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No. AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

Certificate of Service of Motion Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Motion for Temporary Stay

I certify that I will personally cause to be delivered a true paper copy of the Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as a true copy of the Motion for Temporary Stay to Hon. Armando Villalobos, District Attorney at 974 East Harrison St., Brownsville, Tx 78520 on September 14, 2009 If I can find out his email address, I will send those items on September 13, 2009 and will advise the Court that I have done that.

I certify that I sent a true copy of the Motion for Leave to File Petition for Writ of

Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Motion for Temporary Stay to 5thadmin.region@co.nueces.tx.us to the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Motion for Temporary Stay to joann.gutierrez@co.nueces.tx.us to the secretary for the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as a true copy of the Motion for Temporary Stay to Hon. Hector Rene Gonzalez in his capacity as a member of the committee set up for the Fifth Administrative Region under TEX.CODE CRIM.P.art.26.052,supra.

Respectfully submitted this September 13, 2009,

Larry Warner,
Attorney at law/Attorney for Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: office@larrywarner.com
website: larrywarner.com

State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd.      Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

**Petition      for      Prohibition      or      Mandamus**
**TEX.R.APP.P.72.1**

\* \* \* \* \* \* \* \* \* \*

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

SEP 1 4 2009

**Louise Pearson, Clerk**

Larry Warner,
Attorney at Law
2945 Jacaranda
Harlingen, Tx 78550 8658 45
(956)544-5234
office@larrywarner.com
Website: larrywarner.com
State Bar #20871500
Attorney for Relators
Bd.Cert.,Crim.law,tbls(1983)
Member,Bar of the Supreme Court of
the United States(1984)

Pursuant to TEX.R.APP P.38.1(a), Applicant presents:

## Identity of Parties and Counsel

Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and

John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and

Larry Warner, Attorney for each of them in the noted appeals, Relators

Hon. Manuel Bañales, Presiding Judge Fifth Administrative Judicial Region
901 Leopard Street, Suite 505
Corpus Christi, Texas 78401, Respondent

Hon. Arturo Cisneros Nelson, Judge
138th District Court
Cameron County Courthouse
974 East Harrison
Brownsville, Tx 78520, Respondent

Hon. Armando Villalobos,
Cameron County District Attorney
Cameron County Courthouse,
974 East Harrison,

Brownsville, Texas 78520
956 544 0849
Attorney for the State at Trial and on Appeal
[of Lucio] and on response to Petition for Mandamus/Prohibition

Hon. Carlos Valdez, Nueces County District Attorney,
Nueces County Courthouse
901 Leopard Street, Suite 505, Corpus Christi, Texas 78401
Attorney for the State at Trial and on Appeal
[of Ramirez] and on response to Petition for Mandamus/Prohibition

Hon. Larry Warner,
Attorney for Applicant,
2945 Jacaranda
Harlingen, Tx
(956)544-5234; 956 454 4994
State Bar # 20871500
**office@larrywarner.com**
website: larrywarner.com
Bd.Certified.,Criminal Law, Texas Board of Legal Specialization(1983)
Member,Bar of the Supreme Court
Of the United States(1984)
Attorney for Petitioners on Petition for Mandamus or Prohibition

*Pursuant to Tex.R.App.Proc.38.1(b),Applicant provides the following table of contents:*

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES.........................................  2

TABLE OF CONTENTS...........................................  3

INDEX OF AUTHORITIES........................................  4

STATEMENT OF CASE...........................................  5

Statement of Jurisdiction...........................7

Issues presented.........................................8

      May a judge discharge appointed counsel after an attorney-client relationship has been established?

Statement of Facts.....................................9

Argument..................................................13

Prayer........................................................29

Verification..............................................35

Appendix....................................................38

*Pursuant to Tex.R.App.Proc.52.3(b),Applicant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

<u>CASES</u>                                                                                      <u>PAGES</u>

**Davis v. State,**130  S.W.3d519,521-522(Tex.App.-Dallas 2004,no pet.)

**18**

**Farris v. State,**712S.W.2d512,513 hn1(Tex.Crim.App.1986)

**16**

**Matter of Welfare of M.R.S.,400 N.W.2d 147(Minn.App.1987)** quoted with approval **Stearnes** at 222 hn1

**17**

**Stearnes v. Clinton,**780  S.W.2d 216,217(Tex.Crim.App.1989)

**15,26,28 et**

**seq.,passim**

**Turner v. State,** 733  S.W.2d  218,223  hn1 (Tex.Crim.App.1987)

**9,10,15**

TEX.CONST.art.5,sec.5( c).....................**Statement of Jurisdiction**

INITIAL BRIEF - 5

*Pursuant to Tex.R.App.P.52.3(d), Applicant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

## STATEMENT OF THE CASE

The nature of the case is a petition for a writ of mandamus or of prohibition to compel the Presiding Judge of the Fifth Administrative Judicial Region to set aside his order removing Mr. Warner as appellate counsel in that region for persons appealing from sentences of death.

It is also a petition to prohibit the Judge of the 138th District Court of Cameron County, Arturo Cisneros Nelson, from holding a hearing now set to be had at 1 p.m. on Tuesday, September 15, 2009, in the trial court's cause number "07-CR-885-B" "on the continued representation of Defendant on her Appeal by the Honorable Larry Warner".

It is also a petition to place Mr. Warner again on the list of counsel to represent persons sentenced to death in the Fifth Administrative Judicial Region as noted in TEX.CODE CRIM.P.art.26.052(a).

Two judges are respondents: Hon. Manuel Bañales is Presiding Judge of the Fifth Administrative Judicial Region. His address is Nueces

County Courthouse, 901 Leopard Street, Suite 505, Corpus Christi, Texas 78401.

Hon. Arturo Cisneros Nelson is Judge of the 138th District Court of Cameron County, Texas. His address is Cameron County Courthouse, 974 East Harrison, Brownsville, Tx 78520

Relator seeks to compel Judge Bañales to set aside his order removing Mr. Warner from the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to compel Judge Bañales to place Mr. Warner on the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to prohibit Judge Nelson from holding any hearing "on the continued representation of Defendant on her [Lucio's]Appeal by the Honorable Larry Warner".  A hearing is now set to be had at 1 p.m. on Tuesday, September 15, 2009 in the 138th District Court of Cameron County.

Pursuant to TEX.R.APP.P.52.3, Relators present a statement of jurisdiction:

"(c) Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments. The court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."TEX.CONST.art.5,sec.5( c)

Pursuant to TEX.R.APP.P.52.3(f), Relators state the issue presented:

May a judge discharge appointed counsel after an attorney-client relationship has been established?

Pursuant to TEX.R.APP.P.52.3(g), Relators present a statement of facts:

Melissa Elizabeth Lucio, Relator here, is Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez,Relator here, is Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, is Attorney for each of them in the noted appeals. The Court of Criminal Appeals will please take judicial notice of those appeals and that Mr. Warner represents those appellants in those appeals.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

There will be a hearing "on the continued

representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.(Exhibit "A", **State v. Lucio,**No.07-CR-885-B(138th District Court,Cameron Co.,Tex. Sept.11,2009,mandamus filed)[Order]

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra,**at 223 hn1

The Presiding Judge of the Fifth Administrative Judicial Region has removed Mr. Warner from the

list of lawyers to be appointed to represent people on appeal to this Court who have been sentenced to death. Exhibit "B"(Verified Motion for Leave to File, p.9.)

Counsel has complied with the continuing education requirements set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the seminar on Development and Integration of Mitigation Evidence in Capital cases sponsored by the Administrative Office of United States Courts. Exhibit "C" (Letter to Presiding Judge,April 29, 2009) Counsel is to attend the three-day seminar on habeas and appeals in capital cases to be held in mid-November, 2009 at the Center for American and International Law in Plano, Tx.(Exhibit "B"(Verified Motion for Leave to File, p.8)

Pursuant to TEX.R.APP.P.52.3(g), Relators present argument.

## Summary

The 138th District Court does not have jurisdiction to hold a "hearing on the continued representation of Defendant [Lucio] on her Appeal". The reporter's record and the clerk's record have both been filed with the Court of Criminal Appeals. The filing of both those records with the appellate Court deprives the trial court of jurisdiction.

The Presiding Judge of the Fifth Administrative Judicial Region cannot remove appointed counsel in a capital appeal after an attorney-client relationship is established. **Stearnes v. Clinton, infra.**

Mr. Warner has established an attorney-client relationship with both Melissa Elizabeth Lucio and with John Henry Ramirez. Clients and Counsel object to his removal as their counsel.

Appeal is an inadequate remedy, as this Court has noted in this situation; mandamus and prohibition are appropriate since there is no other effective remedy available. **Stearnes v. Clinton, infra.**

## Argument

1. The 138th District Court of Cameron County notified Mr. Warner at 2:39 p.m. on Friday, September 11, 2009 that it would hold a "hearing on the continued representation of Defendant on her Appeal by the Honorable Larry Warner on the 15[th] day of September 2009, at 1:00 p.m. in the 138[th] Judicial District Court, Cameron County, Texas." (**State of Texas vs. Melissa Elizabeth Lucio**) No.07-CR-885-B(138th District Court Cameron County Sept.11,2009) A verified copy of the Order is attached to this Motion and to the Petition as Exhibit "A".

2. The 138th District Court does not have jurisdiction to remove Mr. Warner as counsel for Melissa Elizabeth Lucio.

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on

12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra**,at 223 hn1

3. Filing of the complete record deprives the trial court of jurisdiction in Melissa Lucio's case.

"A trial court's power to act in a given case ends when the appellate record is

filed in the court of appeals, except for matters concerning bond." **Farris v. State**, 712 S.W.2d 512, 513 hn1(Tex.Crim.App.1986)

4. Melissa Elizabeth Lucio, in her capacity as Appellant in Cause No.AP 76,02 now pending in the Court of Criminal Appeals of Texas, objects to any attempt to remove Mr. Warner as her counsel Cause No.AP 76,02 now pending in this Court. **Stearnes v. Clinton**, 730 S.W.2d 216,217(Tex.Crim.App.1989) Mr. Warner objects to being removed as counsel for Melissa Elizabeth Lucio. This Court noted in **Stearnes**:

> "This original action has been filed by a capital murder defendant in Lubbock County. Leave to file was granted with respect to relator's allegation number one. In this allegation relator Stearnes seeks to have this Court issue a writ of mandamus directing the trial court to vacate an order removing relator's court appointed counsel from the case. ***We will address only relator's allegation number one. We will grant relief on this allegation." **Stearnes** at 217

"[O]nce an attorney is appointed the same attorney-client relationship is established and it should be protected." **Stearnes** at 222 hn1

5. John Henry Ramirez, in his capacity as Appellant in Cause No.AP 76,100 now pending in the Court of Criminal Appeals of Texas, objects to any attempt to remove Mr. Warner as his counsel Cause No.AP 76,100 now pending in this Court. **Stearnes v. Clinton**, 780 S.W.2d 216,217(Tex.Crim.App.1989) Mr. Warner objects to being removed as counsel for John Henry Ramirez.

This Court quoted with approval:

> "An inviolate attorney-client relationship has been created and should not be arbitrarily disturbed. The fact that the county was paying for counsel does not in and of itself provide the trial court with sufficient justification for arbitrary removal of... [appointed attorney] over the objections of [client] and [attorney]." **Matter of Welfare of M.R.S.**, 400 N.W.2d 147(Minn.App.1987) quoted with approval **Stearnes** at 222 hn1

6. Counsel makes the following representations of fact to the Court of Criminal Appeals. "We may accept uncontroverted representations of counsel as evidence." **Davis v. State,** 130 S.W.3d 519, 521-522 (Tex.App.-Dallas 2004, no pet.)

Mr. Warner was appointed capital appellate counsel for the Fifth Administrative Region. Mr. Warner has been removed as capital appellate counsel for the Fifth Administrative Region without any meeting of the committee established by TEX.CODE CRIM.P.art.26.052( c) Counsel has complied with the requirement of continuing education set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the following seminar:

The Development and Integration of Mitigation Evidence in Capital Cases
April 16-19, 2009

Marriott Philadelphia Downtown

Philadelphia, PA

Contact: Chastain Smith

Email: Chastain_Smith@ao.uscourts.gov

PROGRAM DESCRIPTION

This seminar has been held annually since the Supreme Court decision in **Wiggins v. Smith**, 539 U.S. 510 (2003), which recognized the ABA Guidelines as "well-defined norms" in capital defense and acknowledged the importance of the non-lawyer who compiled the mitigation evidence. Scores of federal and state reviewing courts have now cited the ABA Guidelines as a national standard in the development of mitigation evidence, and the Supplementary Guidelines for the Mitigation Function published in 2008 have explained in detail the duties and obligations of counsel and the whole defense team in conducting a thorough social history investigation. This year's seminar will address recent advances in neuroscience and mental health, issues relating to race and culture, and how the mitigation investigation involves much more than preparation for a sentencing proceeding. Through a combination of plenaries and small groups, the seminar will explore both general and specific mitigation affecting cases in a variety of procedural postures."


Counsel mailed proof of attendance at that

seminar to the Adminstrative Judge of the Fifth

INITIAL BRIEF - 18

Administrative Region in April, 2009.

Counsel is scheduled to attend a three-day seminar at The Center for American and International Law 5201 Democracy Drive | Plano, Texas 75024-3561 in November, 2009 on post-judgment judicial proceedings, including appeals, in capital cases. The courses are:

> November 11-12 Habeas: Brief Writing--for the Defense  Plano, TX
> November 13 Appellate Training/Capital Specific--Defense Plano, TX

7. Counsel makes the following representations to the Court of Criminal Appeals. **Davis,supra**

On Friday, September 11,2009, Miriam, the Judge's secretary in the 138th District Court of Cameron County called me about 2 p.m. and asked me for a fax number to send me an order. I gave her a number. She sent me Exhibit "A", which announces a hearing "on the continued representation of

Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.

I called the 138th and asked to talk to the Judge. He was unavailable. I talked to Raul, the court coordinator. Raul told me that I had been removed as capital appellate counsel for the Fifth Administrative Region and that was what the hearing was about.

Melissa's husband is on trial for injury to the same child she was convicted of murdering. She had been subpoenaed as a witness in that trial. I had filed the following:

"In the 107th District Court of Cameron County, Texas

**The State of Texas vs. Roberto Antonio Alvarez** 08-CR-1622A**Witness's Motion to Quash Subpoena and Assertion of Right**

**Not to Be Witness Against Oneself**TO THE HONORABLE JUDGE OF

SAID COURT:  Mr. Warner, Counsel for Melissa Elizabeth Lucio,moves

the District Court to quash the subpoena for Melissa Elizabeth

Lucio. . . ."

I called Attorney Ed Stapleton, the lawyer for
Alvarez. Mr. Stapleton told me that Rene Gonzalez,
an assistant district attorney, had come to court
earlier in the day and had told the judge in that
107th District Court that "Mr.Warner had been
removed as capital appellate counsel for the Fifth
Administrative Region". Mr. Stapleton told me that
the Judge of the 138th District Court had told Mr.
Stapleton that the "Presiding Judges of the Region
removed Mr. Warner as capital appellate counsel".

I then called Attorney Hector Rene Gonzalez of
Corpus Christi. I represent John Henry Ramirez on
his appeal to this Court; Mr. Gonzalez represents
John Henry Ramirez on prosecutions now pending in

the 94th District Court of Nueces County for the underlying felonies which were the basis for raising the charge to a capital one on the matter now on appeal to this Court.

Attorney Hector Rene Gonzalez is a member of the committee for the Fifth Administrative Region set out in TEX.CODE CRIM.P.art.26.052( c) & art.26.052(d)(4).

Mr. Hector Rene Gonzalez told me that the Committee had not had any meetings recently and had not had any meeting at which I was removed as capital appellate counsel.

The very first inkling I got of having been removed as capital appellate counsel for Melissa Lucio and for John Henry Ramirez was at 2:39 p.m. on Friday, September 11, 2009 when I got the faxed order mentioned above from the secretary at the

INITIAL BRIEF - 22

**Scanned Oct 15, 2010**

138th District Court. I have had no notice or opportunity to be heard whatsoever.

8. Further representations:

I have an established attorney-client relationship with John Henry Ramirez. I spent an entire day with him on two separate occasions, the most recent at the trial court's evidentiary hearing on the Motion for New Trial and the evidentiary hearing on the Bills of Exception. On each occasion I met with Mr. Ramirez face-to-face without any bars or glass between us sitting next to each other. Based on his response to my request that he discuss the operative facts and based on his response to my explanation of the procedure, I am confident that he trusts me.

Mr.Ramirez accepts me and trusts me. I know because he talked openly with me and listened to my explanations.

I am communicating with Mr. Ramirez by letter at the moment. He is on death row.

I have an established long-term attorney client relationship with Melissa Elizabeth Lucio, who is currently in the downtown Cameron County Jail.

I attended the second stage of the trial in person. I represent her pro bono in two matters related to her capital case. One, noted above, is

08-CR-

**1622A    The State of Texas vs. Roberto Antonio Alvarez Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness Against Oneself**, 107th District Court, Cameron County; two, In the Child Protective Services Court, James Belton, Judge, In the Matter of the Children of Melissa Elizabeth Lucio. Attorney Olga Barron represents Ms. Lucio's interest in the children.

I represent her penal interest in not providing additional evidence in the criminal matter. I spoke to Ms. Barron four days ago. The matter continues to be postponed for further review.

I see Ms. Lucio about once a week.

She trusts me and is following my advice. After I had seen her regularly for some time she told me things that she had not told any other lawyers, not even her defense lawyers at trial, that relate to her trial and appeal.

Ms. Lucio accepts me and trusts me.

9. The Cameron County District Attorney's office tried once before to have me removed from representing Ms. Lucio on her appeal to the Court of Criminal Appeals. The proceeding was in the 138th District Court. She and I both objected, citing **Stearnes v. Clinton, supra.** Their challenge was rejected.

10. This Court has noted that appeal is an
inadequate remedy in this situation.

> "The remedy of appeal is simply
> inappropriate to the situation present
> here. While we acknowledge that an
> indigent defendant has no right under
> the Federal or State Constitutions to
> have counsel of his choosing, the
> right-to-counsel provisions of the
> respective constitutions prevents the
> trial court from unreasonably
> interfering with the counsel duly
> appointed. Once a valid appointment
> has been made, the trial court cannot
> arbitrarily remove him as attorney of
> record over the objections of the
> defendant and counsel. Having
> appointed counsel, a criminal
> defendant should not be subjected to a
> trial and appeal process without the
> appointed counsel he had grown to
> accept and gain confidence in. The
> utilization of the appellate process
> in this situation to correct this
> particular ill would be too burdensome
> and would only aggravate the harm and
> most likely would result in a new
> trial compelling relator to again
> endure a trip through the system,1.
> FN2 creating in turn needless
> additional cost to the taxpayers of
> this state.We have the tools to right
> a wrong and prevent placing this
> relator into "appellate orbit." Simply

INITIAL BRIEF - 26

put, under the facts of this case an appeal does not provide an adequate remedy even if it results in a reversal and new trial."**Stearnes** at 225 hn8

11. If a judge cannot remove counsel under these facts, then neither can the presiding judge of the Fifth Administrative Region and neither can the committee set up under TEX.CODE CRIM.P.art.26.052( c) and 26.052(d)(4) If one judge cannot remove counsel under these facts, then neither can several judges, because the interest to be protected is the attorney-client relationship. If one judge cannot remove counsel under these facts, then neither can a committee, because the interest to be protected is the attorney-client relationship.

12.Allowing this hearing to go forward at 1 p.m. on September 15, 2009 in the 138th District Court will irreparably damage my relationship as

attorney with my client Melissa Lucio. She will be present at a hearing convened by the same judge who appointed me to represent her in the first place. She will likely begin to wonder if she should follow my advice, such as not to testify in her husband's trial and not to testify in the cps proceedings, lest any testimony be used against her were we to obtain a new trial in our appeal to this Court.

The brief is soon to be due in Lucio. The record is 44 volumes long. I have long ago begun reading it and writing our brief.

The reporter's record is soon to be filed in John Henry Ramirez' appeal. Judge Galvan gave me an informal copy of some of the record even before the hearing on the Motion for New Trial. I have reading the record and writing the brief.

Conclusion and request for relief

The Court of Criminal Appeals of Texas should grant leave to file a Petition for Mandamus or Prohibition. TEX.R.APP.P.72.1

The Court of Criminal Appeals of Texas should prohibit the impending hearing in the 138th District Court to be had at 1pm on Sept.15,2009

INITIAL BRIEF - 28

because that Court lost jurisdiction once the complete record was filed with this Court.

The Court of Criminal Appeals should order Judge Bañales to vacate his order removing Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order Judge Bañales to place Mr. Warner on the list set out in TEX.CODE CRIM.P.art.26.052( c)as capital appellate counsel for the Fifth Administrative Judicial Region.

Respectfully submitted
this September 12, 2009,


Larry Warner,
Attorney at law/Attorney for Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the

Supreme Court of the United States(1984)

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

Certificate of Service of Motion Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Motion for Temporary Stay

I certify that I will personally cause to be delivered a true paper copy of the Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as a true copy of the Motion for Temporary Stay to Hon. Armando Villalobos, District Attorney at 974 East Harrison St., Brownsville, Tx 78520 on September 14, 2009 If I can find out his email address, I will send those items on September 14, 2009 and will advise the Court that I have done that.
I certify that I sent a true copy of the Motion for Leave to File Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Petition for Writ of Mandamus or Prohibition, as well as a true copy of the Motion for Temporary

Stay to 5thadmin.region@co.nueces.tx.us to the
Presiding Judge of the Fifth Administrative
Region.

I certify that I sent a true copy of the
Motion for Leave to File Petition for Writ of
Mandamus or Prohibition, as well as a true copy of
the Petition for Writ of Mandamus or Prohibition,
as well as a true copy of the Motion for Temporary
Stay to **joann.gutierrez@co.nueces.tx.us** to the
secretary for the Presiding Judge of the Fifth
Administrative Region.

I certify that I sent a true copy of the
Motion for Leave to File Petition for Writ of
Mandamus or Prohibition, as well as a true copy of
the Petition for Writ of Mandamus or Prohibition,
as well as a true copy of the Motion for Temporary
Stay to Hon. Carlos Valdez, District Attorney,
Nueces County Courthouse,901 Leopard, Corpus
Christi, Tx at the blind email on his website.

I certify that I will cause to be delivered a
true copy of the Motion for Leave to File Petition
for Writ of Mandamus or Prohibition, as well as a
true copy of the Petition for Writ of Mandamus or
Prohibition, as well as a true copy of the Motion
for Temporary Stay to Hon. Arturo Cisneros Nelson
at the Cameron Courthouse , 974 East Harrison,
Brownsville, Tx on 9 14 09.

I caused those items to be sent on September
13, 2009.

Respectfully Submitted
this September 13, 2009,

Larry Warner,
Attorney at law/Attorney for
Appellants/Relators

INITIAL BRIEF - 32

2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: **office@larrywarner.com**
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd.     Legal
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

No. _____

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

Verification of allegations of fact contained in Petition for Prohibition or Mandamus TEX.R.APP.P.72.1 and verification of factual allegations in Motion for Leave to File

and verification of exhibits and verification of allegations of fact in Motion for Temporary Stay

STATE OF TEXAS

COUNTY OF CAMERON

Before me, the undersigned, appeared this day Larry Warner, well known to me, who, upon his

INITIAL BRIEF - 34

oath, deposed and said:

"My name is Larry Warner.

I am an attorney licensed to practice law in Texas.

I am attorney for Melissa Elizabeth Lucio and attorney for John Henry Ramirez on their respective appeals from the 138th District Court of Cameron County and the 94th District Court of Nueces County to the Court of Criminal Appeals of Texas.

I swear that all the allegations of fact in the Motion for Leave to File and all the allegations of fact in the Petition for Mandamus and all the allegations of fact in the Motion for Temporary Stay are true within my own personal knowledge save for those made upon information and belief, which I do believe to be true.

I swear that the copy of the Order Setting

Hearing in cause number 07-CR-885-B is a true copy of the original. I know that because the judge's secretary, Miriam, sent me the copy by facsimile to my office in Harlingen, Tx.

I swear that the copy of the letter dated April 29, 2009 is a true copy of the original I sent to the Presiding Judge of the Fifth Region. I know it is a true copy because I prepared the letter and the cle attachment myself."

Larry Warner

Attorney for Relators

SUBSCRIBED AND SWORN TO before me by Larry Warner this September 13, 2009.



Notary Public

9/12/12

State of Tx

Norma D Warner
My Commission Expires
01/02/2012

INITIAL BRIEF - 36

Commission exp.:

Index to Verified Exhibits in Appendix

Exhibit A   Order setting hearing in 138th District Court "on the continued representation of Defendant [Lucio] on her Appeal by the Honorable Larry Warner"

Exhibit B   Motion for Leave to File

Exhibit C   Exhibit "C" (Letter to Presiding Judge, April 29, 2009) re continuing legal education

INITIAL BRIEF - 38

CAUSE NO. 07-CR-885-B

STATE OF TEXAS       §       IN THE DISTRICT COURT

                         §       138TH JUDICIAL DISTRICT

VS                      §

                         §       CAMERON COUNTY, TEXAS

MELISSA ELIZABETH LUCIO     §

# ORDER SETTING HEARING

NOTICE IS HEREBY given that the above entitled and numbered case is set for hearing on the continued representation of Defendant on her Appeal by the Honorable Larry Warner on the 15th day of September, 2009, at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.

Signed this 11th day of September, 2009.

_____
JUDGE PRESIDING

COPIES TO:9/11/09
HON LARRY WARNER (FAXED)
MELISSA LUCIO
HON RENE GONZALEZ

FILED 2:37 O'CLOCK __ M
AURORA DE LA GARZA, DIST CLERK

SEP 11 2009

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY

Ex A

Scanned Oct 15, 2010



**LARRY WARNER**
Attorney at Law
2945 Jacaranda Drive
Harlingen, Texas 78550

BOARD ELIGIBLE, CIVIL APPELLATE LAW,    TEXAS BOARD OF LEGAL SPECIALIZATION
(2010)Member of the Bar, Supreme Court of the United States
(1984)

(956) 542-4784      E-MAIL:office@larrywarner.com      (956) 542-5234 FAX

April 29, 2009

Judge J. Manuel Bañales
Fifth Judicial Administrative Region
901 Leopard, Ste. 505
Corpus Christi, TX 78401

Dear Judge Bañales:

Thank you for the recognition as Capital Appellate Counsel for the fifth Administrative Region of Texas.

Enclosed find a summary of continuing legal education, including the recent seminar on the Development and integration of Migration Evidence in Capital Cases sponsored by the Administrative Office of the United States Courts held in Philadelphia this month.

Please have your office file-mark a copy of this summary and return it to us in the enclosed, self-addressed, stamped envelope.

Sincerely,

Larry Warner
Attorney at law

BOARD CERTIFIED, TEXAS BOARD OF LEGAL SPECIALIZATION (1983); MEMBER, COMMISSION TEXAS BOARD OF LEGAL SPECIALIZATION (1988-91); MEMBER, HOUSE OF REPRESENTATIVES OF TEXAS (70TH & 71ST LEGISLATURES); CHARTERED ENDOWMENT FUND SCHOLAR, COLLEGE OF THE STATE BAR OF TEXAS; MEMBER, ADMINISTRATION OF RULES OF EVIDENCE COMMITTEE, STATE BAR OF TEXAS (1998-2001) (2001-2007)MEMBER, COMMITTEE ON TX. DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, STATE BAR OF TEXAS(2007-2010)(BOARD ELIGIBLE, CIVIL APPELLATE LAW, 2010)     Page 1 of 1