9/16/2009
COA#:                              TC#: 2007-CR-885-B
RE: Case No. AP-76,020
STYLE: LUCIO, MELISSA ELIZABETH

    On this day, this Court has denied the Appellant's motion for the Court Reporter to provide official transcription of defendant's oral statement recorded on video.

                          Louise Pearson, Clerk

          Larry Warner
          Attorney at Law
          2945 JACARANDA
          Harlingen, TX 78550

ORIGINAL

denied
9.14.09 pc

In the Court of Criminal Appeals of Texas

No. AP 76,020

**Melissa Elizabeth Lucio vs. The State of Texas**

On direct appeal from the 138th District

Cameron County

Trial Court No. 07-CR-885-B

The State of Texas Vs. Melissa Elizabeth Lucio

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 25 2009
Louise Pearson, Clerk

Motion Directed to the Court of Criminal Appeals to Direct the Court Reporter to Provide an Official Transcription of the Defendant's Oral Statement Recorded on Video and Played before the Jury. (RR Vol.32, p.51, 13-14)

FILED IN
COURT OF CRIMINAL APPEALS
AUG 27 2009
Louise Pearson, Clerk

To the Honorable Judges of the Court of Criminal Appeals:

Mr. Warner, Counsel for appellant, moves the

Page 1 of 8

Court of Criminal Appeals to Direct the Court Reporter to Provide an Official Transcription of the Defendant's Oral Statement Recorded on Video and Played before the Jury. (RR Vol.32,p.51,13-14)

1. Volume 32,page 51, Lines 13-14 of the Reporter's Record reads:

> "Videotape played with Officer Cruz interviewing the defendant and stopped at 10:37 a.m." (RR 32 51 13-14)

2. The videotape is not transcribed in the reporter's record.

3. The record is incomplete since it does not include a transcription of the videotape.

4. The Court will please take judicial notice that the Appellant, Ms. Lucio, is indigent. TEX.R.EVID.201, since she has appointed counsel, Mr. Warner. This Court has held that it may take judicial notice of appointed counsel for indigents

in criminal cases. **Wood v. State**,511 S.W.2d 37,46 hn18(1974)

5. An indigent appellant is entitled to a complete record. **Griffin v. Illinois**,351 U.S.12,13-14 fn3(1956)U.S.CONST.,amend.XIV

6. An indigent appellant is entitled to a complete record. TEX.CONST.art.I,secs.13 & 19;TEX.CONST.art.I,sec.20 [due course and equal protection]

7. The incompleteness is important to this case and is not harmless beyond a reasonable doubt. Counsel expects to present an issue on the legal sufficiency of the evidence. Counsel expects to present an issue on the factual sufficiency of the evidence. He cannot reasonably be expected to do that without a transcription of the principal item of the evidence, the defendant's statement.

Counsel and the Court both need an official

transcription of the defendant's statement. Elsewise each judge would be left to consider for herself or himself precisely what the Appellant said in the statement.

This Court has in the past required counsel to bring the incomplete record to the attention of the *trial* Court at the time of trial. **Williams v. State**, 937 S.W.2d 479, 487 (Tex.Crim.App.1996). **Williams** was decided under the "old" rules. The "new" rules were adopted in 1997. The Court should reconsider its decision in **Williams** in the light of TEX.R.APP.P.34.6(d), which provides:

> "(d) Supplementation. If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. Any supplemental reporter's record is part of the appellate record."

Page 4 of 8

TEX.R.APP.P.34.6(d)

**Williams** is further distinguishable in that in **Williams** the testimony of a witness was untranscribed while in Lucio the statement of the defendant herself in untranscribed.

Conclusion and request for relief

The Court of Criminal Appeals should direct the court reporter to provide an official transcription of the defendant's oral statement recorded on video and played before the jury. (RR

Case 1:13-cv-00125 Document 21-12 Filed on 03/14/16 in TXSD Page 7 of 9

```
Vol.32,p.51,13-14)(RRVol.32,p.51,13-
14)TEX.R.APP.P.34.6(d)
```

Respectfully submitted

this August 20, 2009,

*[signature: Larry Warner]*

Larry Warner,
Attorney at law/Attorney for Appellant, Melissa Lucio
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the Supreme Court of the United States(1984)

In the Court of Criminal Appeals of Texas

No.AP 76,020

**Melissa Elizabeth Lucio vs. The State of Texas**

On direct appeal from the 138th District Court

Cameron County

Trial Court No.07-CR-885-B

Certificates of Service

I certify that I mailed a true copy of this Motion Directed to the Court of Criminal Appeals to Direct the Court Reporter to Provide an Official Transcription of the Defendant's Oral Statement Recorded on Video and Played before the Jury. (RR Vol.32,p.51,13-14) to Armando Villalobos, District Attorney, 974 East Harrison St., Brownsville, Tx 78520, Attention Hon. Rene

Gonzales on August 20, 2009.

I also certify that I mailed a true copy of this Motion to Al Flores, Court Reporter, 430TH District Court, 111 S. 9th Edinburg, TX 78539 on August 20, 2009.

        Respectfully submitted

        this August 20, 2009,

Larry Warner,
Attorney at law/Attorney for Appellant
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the
Supreme Court of the United States(1984)