*76020*

1

```
 1              REPORTER'S RECORD

 2          VOLUME 40 OF 44 VOLUMES

 3        TRIAL COURT CAUSE NO. 07-CR-885-B

 4  - - - - - - - - - - - - x
                             :
 5  THE STATE OF TEXAS       :   IN THE DISTRICT COURT
                             :
 6                           :
    VS                       :   138TH JUDICIAL DISTRICT
 7                           :
    MELISSA ELIZABETH LUCIO  :
 8  - - - - - - - - - - - - x
 9

10

11  ************************************************

12          POST TRIAL HEARING

13  STATE'S SUGGESTION OF DISQUALIFICATION OF COUNSEL,
          REQUEST FOR MOTION FOR NEW TRIAL
14  ************************************************

15

16      On the 3rd day of October, 2008, the following

17  proceedings came on to be heard in the above-entitled

18  and numbered cause before the Honorable, ARTURO C.

19  NELSON, Judge Presiding, held in Brownsville, Cameron

20  County, Texas.

21      Proceedings reported by computer and stenotype

22  machine.
```

FILED IN
COURT OF CRIMINAL APPEALS

AUG   6 2009

Louise Pearson, Clerk

ORIGINAL

SUE CHANEY SAENZ, C.S.R.

2

```
 1                    A P P E A R A N C E S

 2    APPEARING FOR THE STATE:

 3          HON. ALFREDO PADILLA
            State Bar No. 15404600
 4          Assistant District Attorney
            964 E. Harrison
 5          Brownsville, TX   78520
            (956) 544-0849
 6          (956) 544-0869 Fax

 7    APPEARING FOR THE DEFENDANT:

 8          HON. LARRY WARNER
            State Bar No. 20871500
 9          Attorney at Law
            777 E. Harrison, Suite 2
10          Brownsville, TX   78520
            (956) 542-4784
11          (956) 544-4234 Fax

12
      APPEARING FOR THE ATTORNEY MR. WARNER:
13
            HON. JOHN T. BLAYLOCK
14          State Bar No. 00784302
            Attorney at Law
15          1192 E. 9th Street
            Brownsville, TX   78520
16          (956) 454-4533

17    APPEARING FOR THE DEFENDANT AS PER COURT ORDER:

18          HON. ADOLFO CORDOVA
            State Bar No. 00787287
19          Attorney at Law
            711 N. Sam Houston
20          San Benito, TX   78586
            (956) 399-1299
21          (956) 399-4484 Fax

22

23

24

25
```

SUE CHANEY SAENZ, C.S.R.

```
 1                     VOLUME 40

 2          MOTION/DISQUALIFICATION OF COUNSEL

 3   OCTOBER 3, 2008                        PAGE   VOL

 4   NAME              DX   CX   RDX   RCX    VDX    VOL

 5   Cordova Appearance for Defendant          4     40

 6   State's Motion to Disqualify Counsel      5     40

 7   Defense Response to State's Motion        7     40

 8   Inquiries to the Defendant by the Court   8     40

 9   Waiver of Possible Defect                13     40

10   Court's Ruling on M/T/Disqualify         16     40

11   Request for Motion for New Trial         17     40

12   Court's Ruling on Request                17     40

13   Adjourn                                  18     40

14   Certificate of Court Reporter           19     40

15

16

17

18

19

20

21

22

23

24

25
```

SUE  CHANEY  SAENZ,  C.S.R.

```
1                   P R O C E E D I N G S
2                  THE COURT:  Okay, we don't have Mr.
3    Blaylock here.
4                  MR. BLAYLOCK:  Here, Your Honor.
5                  THE COURT:  Where?  I was looking for
6    you.
7                  MR. BLAYLOCK:  God morning.
8                  THE COURT:  Sit where I can see you,
9    John.  I'm sorry.
10                 MR. BLAYLOCK:  Good to see you too,
11   Judge.
12                 THE COURT:  Call now the case of
13   Melissa Lucio.  On 07-CR-885-B, let the record
14   reflect -- State of Texas versus Melissa Elizabeth
15   Lucio, that the defendant is present.  Mr. Warner is
16   also present, along with Mr. Blaylock who is
17   representing him for the purposes of this hearing.
18                 MR. BLAYLOCK:  Yes, Your Honor.
19                 THE COURT:  And the State is
20   represented -- the movant is being represented by Mr.
21   Al Padilla and I had asked Mr. Cordova to be on
22   standby in case Ms. Lucio needed to confer
23   independently.
24                 MR. CORDOVA:  Your Honor, and just for
25   the record, I would just like for the Court to order
```

1   me to be here so that if there is any conflict
2   issues, that that covers me.  And also the fact that
3   Ms. Lucio understands that because this is appellate
4   counsel and I am trial counsel, that perhaps some
5   conflict exists.  I think Ms. Lucio knows me well
6   enough to know that I'm going to counsel her best
7   interest, but I think it is important that we put on
8   the record that she understands that a conflict may
9   exist and that she is waiving the conflict and asking
10  me to stand in with her.
11              THE COURT:  Well, you've made your
12  record.
13              MR. WARNER:  I'm going to object.  I
14  don't see any need for Mr. Cordova to provide any
15  representation at all.  The Court has asked me to
16  represent her on appeal and I am prepared to do that.
17  Mr. Blaylock is going to represent my interest on
18  this motion.
19              THE COURT:  Mr. Warner, we are going
20  to go ahead.  I am going to have Mr. Cordova just
21  stand by.
22              MR. CORDOVA:  That's fine, Your Honor.
23              THE COURT:  I am asking him to stand
24  by.  And now I will entertain the State's motion.
25              MR. PADILLA:  Judge, what we have

SUE CHANEY SAENZ, C.S.R.

```
 1    filed is a suggestion, Judge, of the possible
 2    problems associated with Mr. Warner representing Ms.
 3    Lucio.  Obviously I don't think statutorily we have
 4    the right to ask that he be dismissed, I don't think
 5    that's the proper remedy.  However, Judge, I think
 6    the motion is pretty clear, we have attached some
 7    case law which I think the Court can take judicial --
 8             THE COURT:  The Court will take
 9    judicial notice of all documents on file.
10             MR. PADILLA:  I have done the
11    supplemental response and I have read the objections.
12    I'm referring to Rule 26.05(2), 2 -- (2)(1), which
13    requires, you know, the appellate counsel to be
14    qualified also, Judge, and qualified under the
15    standards because I think there is an allegation made
16    in the statement that appellate counsel does not have
17    to have the same qualifications as trial counsel.  I
18    believe that's an error, Judge, and the problem that
19    we have, the problem the State is worried about in
20    this matter, Judge, that we want the Court to
21    consider and rule on it because we don't want a
22    situation where we go through the trouble of taking
23    the matter up on appeal, getting the appeal affirmed
24    and then if the case goes into the Federal Court
25    system, which I anticipate it will, there will be a
```

1    writ of habeas corpus filed there alleging that

2    Mr. Warner, because of his previously made statements

3    and previous allegations under oath he was not

4    qualified to handle the appeal, and then we are back

5    to square one, Your Honor.

6             THE COURT:  I understand your --

7             MR. PADILLA:  He has made statements

8    under oath that he is not qualified to handle issues

9    on mitigation, things on that nature, and obviously

10   mitigation is probably going to be an appellate

11   issue, and if he is not qualified to try and defend

12   someone on the issue of mitigation, then how can he

13   also have the expertise to be able to appeal that

14   specific issue to the Court of Criminal Appeals?

15            THE COURT:  I understand, I understand

16   your argument, I have read your motion.

17   Mr. Blaylock, your response?

18            MR. BLAYLOCK:  Yes, Your Honor, and I

19   think that the premiere case on this is U.S. versus

20   Gonzalez-Lopez, and that's where the Supreme Court

21   has said that it's a very dangerous thing to mess

22   with the person's Sixth Amendment right to the

23   attorney of their choice.  And she has chosen

24   Mr. Warner, right or wrong.  She has given a

25   statement to the Court, which I would suggest to the

```
 1   Court could be a waiver of these appellate
 2   requirements of the attorney, if the Court chose to
 3   read it that way.  I understand the dilemma you are
 4   in, Judge.  You are in the dilemma to decide do I
 5   leave Mr. Warner and leave a potential appellate
 6   point of inadequate counsel under the statute?  Or do
 7   I remove Mr. Warner and get an appellate counsel
 8   under the Sixth Amendment.  And I don't know how you
 9   are going to handle that, Judge, but I can tell you
10   that the Sixth Amendment right to a counsel of choice
11   is automatically reversible without a harm analysis.
12   I think everything else does require a harm analysis.
13                THE COURT:  I understand.  Ms. Lucio?
14                THE DEFENDANT:  Yes, sir.
15                THE COURT:  Let me tell you the crux
16   of my dilemma and then you tell me what you want,
17   because ultimately it's your case, your appeal, and
18   you are the one who has to be satisfied, okay?
19                THE DEFENDANT:  Yes, sir.
20                THE COURT:  Under the Code of Criminal
21   Procedure for appointed counsel, they have to be on a
22   list that is prepared by the Fifth Region
23   Administrative area, which is Judge Banales up in
24   Corpus Christi, okay?  The law changed, and now the
25   lawyers that were on that list before are no longer
```

SUE CHANEY SAENZ, C.S.R.

```
 1    on that list.  So that list is being recreated.  Your
 2    attorney has made an application to be certified as a
 3    possible attorney to be appointed on appeals, capital
 4    murder appeals, and you know some of his
 5    qualifications by the affidavit I saw that you
 6    signed.
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  Okay. I initially
 9    appointed him because I believed him to be competent.
10    You know, it's kind of a funny job for a Judge to
11    appoint lawyers who are going to give him problems.
12    The problem is that the problems he gives are legal
13    issues that the Judge has to look at that he may have
14    overlooked.  And that's the nature of the process.
15    It's an adversarial process where one side goes
16    against the other.
17              Now, in your affidavit, you have said
18    that you are satisfied with him, that he has taken
19    the time to explain to you -- did you read the
20    affidavits before you signed them?
21              THE DEFENDANT:  Yes, sir, I did.
22              THE COURT:  Because they appear to be
23    written with law and what-not and they appear to be
24    prepared by a lawyer.  I don't want you to tell me
25    anything about whether or not you prepared them, an
```

1  attorney prepared them, I don't want to get into

2  that.  That's attorney-client communications and I

3  don't want go into that, I want you to understand

4  that, okay?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  But I need to be sure that

7  you did read them, that you did understand them, and

8  that that is what you want.  So from your own words,

9  I want you to tell me whether you want Mr. Warner to

10 continue, or whether you want somebody else.

11         MR. PADILLA:  Your Honor, may I --

12         THE COURT:  I am not going to allow

13 you to cross-examine her.

14         MR. PADILLA:  No, I just want to bring

15 something to the Court's attention, Your Honor.

16         THE COURT:  Yes, sir.

17         MR. PADILLA:  She needs to also be

18 further advised on the Velez matter --

19         THE COURT:  On the what, sir?

20         MR. PADILLA:  On the Velez case, that

21 if he makes certain representations that she is aware

22 of, and whether that in and of itself would affect

23 her decision.

24         MR. WARNER:  Oh, I would like to be

25 heard on that.  I talked him out of that death

```
 1    penalty case --
 2                    THE COURT:  Excuse me, I am talking.
 3    Okay.  Do you understand everything that I have said
 4    up until now?
 5                    THE DEFENDANT:  Yes.
 6                    THE COURT:  Okay.  Now, Mr. Warner did
 7    submit an affidavit on another case saying that he
 8    was not qualified to handle some parts of that case,
 9    do you understand that?
10                    THE DEFENDANT:  Yes, sir.
11                    THE COURT:  Have you read that
12    affidavit at all?
13                    THE DEFENDANT:  I'm not sure.
14                    THE COURT:  Okay.  The question in my
15    mind is, is this the attorney you want to continue
16    handling your appeal, and do you know, you know, the
17    background on this, that's the question, that's what
18    I need to find out.
19                    THE DEFENDANT:  Yes, sir.
20                    THE COURT:  So you need to tell me
21    from your own words whether you understand the issues
22    that the District Attorney is raising, that first of
23    all he is not on the list, secondly, you know -- and
24    what they are saying is they don't want the
25    conviction reversed because of a technical issue with
```

1    regards to your defense.  My concern is not so much
2    the technical issue, although I am somewhat concerned
3    about that, my concern primarily is who you want to
4    represent you.
5                    THE DEFENDANT:  Yes, sir.
6                    THE COURT:  Okay?  That's what my
7    concern is.  And whether you know what you are doing
8    and whether you are waiving any objections at all
9    that may come up later with regards to Mr. Warner's
10   competence.
11                   THE DEFENDANT:  Uh-huh.
12                   THE COURT:  So you need to tell me in
13   your own words, ma'am, what do you want?
14                   THE DEFENDANT:  I want Mr. Warner to
15   represent me.
16                   THE COURT:  Mr. Larry Warner.
17                   THE DEFENDANT:  Yes, sir.
18                   THE COURT:  Do you understand what the
19   State's objections are?  They are objecting first of
20   all that he is not on the list, secondly, that on
21   another case he submitted an affidavit saying he was
22   not competent to handle issues of mitigation.
23                   THE DEFENDANT:  Yes, sir.
24                   THE COURT:  Do you understand that?
25                   THE DEFENDANT:  Yes, sir.

```
 1                    THE COURT:  Do you understand what the
 2      issues of mitigation are?
 3                    THE DEFENDANT:  Yes, sir.
 4                    THE COURT:  We went through trial,
 5      your other lawyers explained them to you.
 6                    THE DEFENDANT:  Yes, sir.
 7                    THE COURT:  Are you sure you
 8      understand it?
 9                    THE DEFENDANT:  Yes, sir.
10                    THE COURT:  And that nonetheless, you
11      still want Mr. Warner to represent you?
12                    THE DEFENDANT:  Yes, sir.
13                    THE COURT:  Are you sure?
14                    THE DEFENDANT:  Yes, sir.
15                    MR. PADILLA:  And that she voluntarily
16      waives any possible defect, Your Honor, concerning
17      it, I would like for it to be on the record.
18                    THE COURT:  The State is asking that
19      you do it voluntarily and knowingly, and that you
20      waive any possible complaints of defects of any sort
21      with regards to his appointment.
22                    THE DEFENDANT:  Yes, sir.
23                    THE COURT:  Are you sure?
24                    THE DEFENDANT:  Yes, sir.
25                    THE COURT:  Okay.  Ms. Lucio,
```

14

1  ultimately it's your case.

2          MR. BLAYLOCK:  Judge, I don't want to

3  interrupt, but could I maybe make a suggestion?

4  Should could she just waive the Article 26.05(2)

5  defects and not perhaps a future ineffective

6  assistance of counsel on a writ of habeas corpus?  I

7  don't want a Federal Judge looking back saying, oh,

8  she waived every defect.

9          THE COURT:  All I want her to do is

10  waive the defects with regards to Mr. Larry Warner's

11  appointment, that's all.  If Mr. Warner becomes

12  ineffective or whatever, that will be up to another

13  lawyer to look at.  But with regards to his

14  qualifications to be appointed and to represent her

15  on the appeal, that's what I want.  She needs to

16  choose who she wants.

17          MR. BLAYLOCK:  That's exactly the

18  point, I want to make it clear.

19          THE COURT:  And if she is choosing him

20  and she is waiving any defects with regards to his

21  appointment, then that is what I want to hear from

22  her.

23          MR. PADILLA:  And is the Court -- if

24  the Court accepts him, is the Court going to make a

25  finding that she is informed of the law, she is

1  informed of the facts surrounding the State's motion

2  and the underlying facts that the State is relying

3  on, and she voluntarily, again, is waiving that.  I

4  want to make sure that the record is clear, Judge.

5             THE COURT:  Ms. Lucio, have you read

6  their complaint against Mr. Warner?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  Okay.  So what the State

9  has argued against Mr. Warner, you are informed of

10 that?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  And you have read that.

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  Okay.  In your own words,

15 again, please tell me, who do you want to represent

16 you on the appeal?

17            THE DEFENDANT:  Mr. Larry warner.

18            THE COURT:  Are you waiving any

19 potential complaints with regards to his appointment.

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  Okay.  The hearing is

22 over.  Thank you, gentlemen.  Thank you, Mr. Warner.

23            MR. BLAYLOCK:  May I be excused?

24            THE COURT:  Yes, sir, you may.

25            MR. PADILLA:  Is the Court going to

SUE CHANEY SAENZ, C.S.R.

```
1   make a ruling?
2              THE COURT:  Pardon?
3              MR. PADILLA:  Is the Court going to
4   make a ruling?
5              THE COURT:  I have ruled.  I am going
6   keep Mr. Warner on, that's who she wants.
7              MR. PADILLA:  I know that's what she
8   wants, but does the Court make a finding that she has
9   voluntarily chosen --
10             THE COURT:  Prepare the order.
11  Mr. Gonzalez, please, prepare the order.  Make sure
12  Mr. Warner gets a chance to look at it first.
13             MR. PADILLA:  Get Mr. Blaylock to look
14  at it, Judge?  It might be easier.
15             THE COURT:  Get Mr. Blaylock --
16  whoever, Mr. Blaylock or Mr. Warner, one of the two,
17  to look at the order, the findings of the fact and
18  the order that you're suggesting.
19             MR. PADILLA:  He is easier to find.
20             THE COURT:  Thank you.
21             MR. WARNER:  May I address the Court
22  on another matter on Ms. Lucio's case?
23             MR. PADILLA:  May we be excused, your
24  Honor?
25             THE COURT:  Yes, sir -- well, hold on.
```

SUE CHANEY SAENZ, C.S.R.

1      MR. WARNER:  We are here on that case.

2      THE COURT:  Yes, sir, I am listening.

3      MR. WARNER:  October the 14th is the

4  75th day after the Court pronounced the sentence.  We

5  filed a Motion for New Trial.  There are issues of

6  fact which the Court ought to resolve.

7      I would appreciate it if you would

8  look at our Motion for New Trial, see if you agree

9  that there are issues of fact which if true would

10  entitle her to a new trial and set it for a hearing

11  on the Motion for New Trial on or before October the

12  14th.

13      THE COURT:  The Court will either rule

14  on that, or it will be ruled on by operation of law

15  as Mr. Warner knows.  Thank you.

16      MR. WARNER:  Yes.

17      THE COURT:  Thank you, sir.

18      MR. WARNER:  Thank you, Your Honor.

19  May we be excused?

20      THE COURT:  Yes, you may.

21      MR. PADILLA:  Thank you, Your Honor.

22      THE COURT:  Thank you, sir.  Are there

23  any extra -- do we have any extra bailiffs around

24  right now or are they all busy?

25      THE BAILIFF:  Let me check.

1                 THE COURT:   If there's one extra,

2    Let's give Mr. Warner some time with his client in

3    one of the jury rooms.

4                 MR. WARNER:   Thank you, Your Honor.

5                 **(RECESS)**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SUE CHANEY SAENZ, C.S.R.

```
 1  THE STATE OF TEXAS:

 2  COUNTY OF CAMERON:

 3              CERTIFICATE OF COURT REPORTER

 4       I, SUE CHANEY SAENZ, Official Court Reporter in

 5  and for the Judicial District Courts of Cameron

 6  County, State of Texas, do hereby certify that the

 7  above and foregoing contains a true and correct

 8  transcription of all portions of evidence and other

 9  proceedings requested in writing by counsel for the

10  parties to be included in this volume of the

11  Reporter's Record, in the above-entitled and numbered

12  cause, all of which occurred in open court or in

13  chambers and were reported by me.

14       I further certify that this Reporter's Record of

15  the proceedings truly and correctly reflects the

16  exhibits, if any, admitted by the respective parties.

17       WITNESS MY OFFICIAL HAND on this the 5th day of

18  June, 2009.

19                   SUE CHANEY SAENZ, CSR

20                   Official Court Reporter, Deputy
                     974 East Harrison Street
21                   Brownsville, Texas 78520
                     (956) 544-0874
22                   Certificate No. 2136
                     Expiration Date: 12/31/10
23

24

25
```

SUE CHANEY SAENZ, C.S.R.