**Scanned  Oct 15, 2010**    *CCA Scanning Cover Sheet*



2385192

CaseNumber: WR-72,702-01
EventDate: 09/28/2009
Style 1: LUCIO, MELISSA ELIZABETH AND JOHN HENRY RAM
Style 2:
Event code: 11.071 MOTION RECD

EventID: 2385192
Applicant first name: MELISSA ELIZABETH & JOHN HENRY RAMIREZ
Applicant last name: LUCIO
Offense: 19.03
Offense code: Capital Murder
Trial court case number: 07-CR-885-B
Trial court name: 138th District Court
Trial court number: 320310138
County: Cameron
Trial court ID: 148
Event map code: FILING
Event description:
Event description code:
Remarks:

☐ *Document Scanned*                              ☐ *Created or*
                                                  ☐ *Appended*

*Scanned by*          *date*        *Image ID*

*Comment*

Scanned  Oct 15, 2010

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

**Relators' First Amended Petition for Prohibition or Mandamus TEX.R.APP.P.72.1**
* * * * * * * * *

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 2 8 2009

Louise Pearson, Clerk

Larry Warner,
Attorney at Law
2945 Jacaranda
Harlingen, Tx 78550 8658 45
(956)544-5234
office@larrywarner.com
Website: larrywarner.com
State Bar #20871500
Attorney for Relators
Bd.Cert.,Crim.law,tbls(1983)
Member,Bar of the Supreme Court of the United States(1984)

**Scanned  Oct 15, 2010**

Pursuant to TEX.R.APP.P.38.1(a), Applicant presents:

## Identity of Parties and Counsel

Melissa Elizabeth Lucio, Appellant
in Cause No.AP 76,020 now pending
in this Court, and

John Henry Ramirez, Appellant in
Cause No.AP 76,100 now pending in
this Court, and

Larry Warner, Attorney for each of
them in the noted appeals, Relators


Hon. Manuel Bañales, Presiding
Judge Fifth Administrative Judicial
Region
901 Leopard Street, Suite 505
Corpus Christi, Texas 78401,
Respondent

Hon. Arturo Cisneros Nelson,
Judge
138th District Court
Cameron County Courthouse
974 East Harrison
Brownsville, Tx 78520,
Respondent


Hon. Armando Villalobos,
Cameron County District Attorney
Cameron County Courthouse,
974 East Harrison,

INITIAL BRIEF - 2

Scanned  Oct 15, 2010

Brownsville, Texas 78520
956 544 0849
Attorney for the State at Trial and on Appeal
[of Lucio] and on response to Petition for
Mandamus/Prohibition

Hon. Carlos Valdez, Nueces County District
Attorney,
Nueces County Courthouse
901 Leopard Street, Suite 505, Corpus Christi,
Texas 78401
Attorney for the State at Trial and on Appeal
[of Ramirez] and on response to Petition for
Mandamus/Prohibition

Hon. Larry Warner,
Attorney for Applicant,
2945 Jacaranda
Harlingen, Tx
(956)544-5234; 956 454 4994
State Bar # 20871500
**office@larrywarner.com**
website: larrywarner.com
Bd.Certified.,Criminal Law, Texas Board of Legal
Specialization(1983)
Member,Bar of the Supreme Court
Of the United States(1984)
Attorney for Petitioners on Petition for Mandamus
or Prohibition

Subject to the action of the Court of Criminal Appeals of Texas on
Relators' Motion for Leave to Amend:

INITIAL BRIEF - 3

**Scanned  Oct 15, 2010**

The Committee on Appointment of Capital Counsel for the Fifth Administrative Region TEX.CODE CRIMINAL PROCEDURE art.26.052( c), the "local selection committee"

The members of the Committee on Appointment of Capital Counsel for the Fifth Administrative Region TEX.CODE CRIMINAL PROCEDURE art.26.052( c), the "local selection committee", as to each member, but only in that person's capacity as a member of the committee.

The members of the "local selection committee" known to Relators are:

1. Hon. Grant Jones, Attorney at law
5826 Beauvais Dr.
Corpus Christi, TX, 78414-6173

2. Hon. Mario Ramirez, Judge
332d District Court
Hidalgo County Courthouse
100 N Closner
Edinburg, TX, 78541

3. Hon. Thomas Greenwell, Judge
319th District Court
Nueces County Courthouse
901 Leopard
Corpus Christi, Tx

4. Hon. Edmund Cyganowicz,
Attorney at law
Brownsville, Tx

5. Hon. Oscar Rene Flores,

INITIAL BRIEF - 4

Scanned  Oct 15, 2010

Attorney at law
1308 S. 10th Ave
Edinburg, TX, 78539

6. Hon. Ben Euresti, Judge
107th District Court
Cameron County Courthouse
974 East Harrison Street
Brownsville, Tx 78520

7. Hon. Hector Rene Gonzalez
Attorney at law
2818 S Port Ave
Corpus Christi, TX, 78405-2037

8. Hon. Santiago Salinas,
Attorney at law
601 Univerisity Dr Ste 101
Fort Worth, TX, 76107

9. Hon. Richard Kendall, Judge

10. Unknown members of the "local selection
committee" for the Fifth Administrative Region set
up under TEX.CODE CRIM.P.art.26.052( c)

INITIAL BRIEF - 5

Scanned  Oct 15, 2010

*Pursuant to Tex.R.App.Proc.38.1(b),Applicant provides the following table of contents:*

## TABLE OF CONTENTS

<u>PAGE</u>

IDENTITY OF PARTIES.........................................   2

TABLE OF CONTENTS............................................   3

INDEX OF AUTHORITIES.........................................   4

STATEMENT OF CASE............................................   5

Statement of Jurisdiction...........................7

Issues presented........................................8

> May a judge or a committee discharge appointed counsel after an attorney-client relationship has been established?

> May a local selection committee under TEX.CODE CRIM.P.art.26.052 remove an attorney from the list of counsel qualified to represent persons in capital appeals to the Court of Criminal Appeals of Texas without notice and an opportunity to be heard? Do TEX.CONST.art.I secs.13 & 19 afford protection to reputation and property under these facts?

INITIAL BRIEF - 6

**Scanned  Oct 15, 2010**

Statement of Facts.....................................9

Argument..................................................13

Prayer........................................................29

Verification................................................35

Appendix....................................................38

*Pursuant to Tex.R.App.Proc.52.3(b),Applicant provides the following index
of authorities arranged alphabetically and indicating the pages of the brief
where the authorities are cited:*

### INDEX OF AUTHORITIES

<u>CASES</u>                                              <u>PAGES</u>

**Davis    v.    State,**130    S.W.3d519,521-
522(Tex.App.-Dallas 2004,no pet.)

                                              **18**


**Farris    v.    State,**712S.W.2d512,513
hn1(Tex.Crim.App.1986)

INITIAL BRIEF - 7

Scanned  Oct 15, 2010

16

**Matter of Welfare of M.R.S.,400 N.W.2d 147(Minn.App.1987)** quoted with approval **Stearnes** at 222 hn1

17

**Ridgway v. City of Fort Worth,**243 S.W. 740 (Tex.Civ.App.-Fort Worth 1922,writ dism'd)

**38,39**

**Simmons v. Ware,** 920 S.W.2d 438(Tex.App.-Amarillo 1996)                   **37**

**Stearnes v. Clinton,**780 S.W.2d 216,217(Tex.Crim.App.1989)

**15,26,28** et

**seq.,passim**

**Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

**9,10,15**

TEX.CONST.art.5,sec.5( c)......................**Statement of Jurisdiction**

**TEX.CONST.art.I,secs. 13 & 19............Due Course of Law      37**

**Scanned  Oct 15, 2010**

TEX.CODE CRIM.P.art.26.052

*Pursuant to Tex.R.App.P.52.3(d), Applicant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

### *STATEMENT OF THE CASE*

The nature of the case is a petition for a writ of mandamus or of prohibition to compel the Presiding Judge of the Fifth Administrative Judicial Region to set aside his order removing Mr. Warner as appellate counsel in that region for persons appealing from sentences of death. It seeks the same relief against the "local selection committee" set up under TEX.CODE CRIM.P.art.26.052.

It is also a petition to prohibit the Judge of the 138th District Court of Cameron County, Arturo Cisneros Nelson, from removing Mr. Warner as attorney for Melissa Lucio on her appeal to the Court of Criminal Appeals of Texas from the judgment and sentence in that District Court.        It is also a petition to place Mr. Warner again on the list of counsel to represent persons sentenced to death in the Fifth Administrative Judicial Region as

**Scanned  Oct 15, 2010**

noted in TEX.CODE CRIM.P.art.26.052(a).

Two judges are  respondents: Hon. Manuel Bañales is Presiding Judge of the  Fifth Administrative Judicial Region. His address is Nueces County Courthouse, 901 Leopard Street, Suite 505, Corpus Christi, Texas 78401.

Hon. Arturo Cisneros Nelson is Judge of the 138th District Court of Cameron County, Texas. His address is Cameron County Courthouse, 974 East Harrison, Brownsville, Tx 78520

Relator seeks to compel Judge Bañales to set aside his order removing Mr. Warner from the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to compel Judge Bañales to place Mr. Warner on the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to prohibit Judge Nelson from acting "on the continued representation of Defendant on her [Lucio's]Appeal by the Honorable

INITIAL BRIEF - 10

Scanned  Oct 15, 2010

Larry Warner".  A hearing was had at 1 p.m. on Tuesday, September 15, 2009 in the 138th District Court of Cameron County.

Subject to the action of the Court of Criminal Appeals of Texas on Relators' Motion for Leave to amend, the "local selection committee" for the Fifth Administrative Region is to be made a party. The members of the committee are to be added as parties only in their capacities as members of that committee. Judges Mario Ramirez, Tom Greenwell, Richard Kendall, and Ben Euresti are to be parties only as members of the "local selection committee" and not in their capacity as judges.

Pursuant to TEX.R.APP.P.52.3, Relators present a statement of jurisdiction:

"(c) Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the

INITIAL BRIEF - 11

**Scanned Oct 15, 2010**

Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments. The court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."TEX.CONST.art.5,sec.5( c)

Pursuant to TEX.R.APP.P.52.3(f), Relators state the issues presented:

May a judge discharge appointed counsel after an attorney-client relationship has been established?

May a local selection committee under TEX.CODE CRIM.P.art.26.052 remove an attorney from the list of counsel qualified to represent persons in capital appeals to the Court of Criminal Appeals of Texas without notice and an opportunity to be heard?

**Scanned  Oct 15, 2010**

Pursuant to TEX.R.APP.P.52.3(g), Relators present a statement of facts:

Melissa Elizabeth Lucio, Relator here, is Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez,Relator here, is Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, is Attorney for each of them in the noted appeals. The Court of Criminal Appeals will please take judicial notice of those appeals and that Mr. Warner represents those appellants in those appeals.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

There was a hearing "on the continued

INITIAL BRIEF - 13

**Scanned Oct 15, 2010**

representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.(Exhibit "A", **State v. Lucio**,No.07-CR-885-B(138th District Court,Cameron Co.,Tex. Sept.11,2009,mandamus filed)[Order]

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra**,at 223 hn1

The Presiding Judge of the Fifth Administrative Judicial Region has removed Mr. Warner from the

INITIAL BRIEF - 14

**Scanned  Oct 15, 2010**

list of lawyers to be appointed to represent people on appeal to this Court who have been sentenced to death. Exhibit "B"(Verified Motion for Leave to File, p.9.)

The "local selection committee" for the Fifth Administrative Judicial Region has removed Mr. Warner as counsel for persons on direct appeal to the Court of Criminal Appeals. (Exhibit "D", Memorandum from Judge Ben Euresti as presiding judge of Cameron County to other District Judges, subject to action of Court of Criminal Appeals on Relators' Motion to Supplement the Record) Mr. Warner got no notice of the action. Mr. Warner has had no opportunity to be heard. (Affidavit in support of Petition)

Counsel has complied with the continuing education requirements set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the seminar

INITIAL BRIEF - 15

**Scanned  Oct 15, 2010**

on Development and Integration of Mitigation
Evidence in Capital cases sponsored by the
Administrative Office of United States Courts.
Exhibit "C" (Letter to Presiding Judge,April 29,
2009) Counsel is to attend the three-day seminar
on habeas and appeals in capital cases to be held
in mid-November, 2009 at the Center for American
and International Law in Plano, Tx.(Exhibit
"B"(Verified Motion for Leave to File, p.8)

INITIAL BRIEF - 16

**Scanned  Oct 15, 2010**

Pursuant to TEX.R.APP.P.52.3(g), Relators present argument.

## Summary

The 138th District Court does not have jurisdiction to hold a "hearing on the continued representation of Defendant [Lucio] on her Appeal". The reporter's record and the clerk's record have both been filed with the Court of Criminal Appeals. The filing of both those records with the appellate Court deprives the trial court of jurisdiction.

The Presiding Judge of the Fifth Administrative Judicial Region cannot remove appointed counsel in a capital appeal after an attorney-client relationship is established. **Stearnes v. Clinton, infra.**

The "local selection committee" cannot anymore interfere with that right than a judge can. If a judge cannot interfere with that right, neither can a committee. **Stearnes, infra**

Mr. Warner has established an attorney-client relationship with both Melissa Elizabeth Lucio and with John Henry Ramirez. Clients and Counsel object to his removal as their counsel.

Scanned  Oct 15, 2010

Counsel has a property right in his appointment as capital appellate counsel for the Fifth Administrative Region, since he is to be paid for work done and to be done in that capacity. He ought not to be deprived of that right without due course of law. TEX.CONST.art.I,secs.13 & 19 He never got any notice of the committee's intended action. He never got any opportunity to be heard.

Appeal is an inadequate remedy, as this Court has noted in this situation; mandamus and prohibition are appropriate since there is no other effective remedy available. **Stearnes v. Clinton, infra.**

Argument

1. The 138th District Court of Cameron County notified Mr. Warner at 2:39 p.m. on Friday, September 11, 2009 that it would hold a "hearing on the continued representation of Defendant on

Scanned Oct 15, 2010

her Appeal by the Honorable Larry Warner on the 15th day of September 2009, at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas." **(State of Texas vs. Melissa Elizabeth Lucio)** No.07-CR-885-B(138th District Court Cameron County Sept.11,2009) A verified copy of the Order is attached to this Motion and to the Petition as Exhibit "A".

2. The 138th District Court does not have jurisdiction to remove Mr. Warner as counsel for Melissa Elizabeth Lucio.

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v.**

INITIAL BRIEF - 19

**Scanned Oct 15, 2010**

**State,** 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores,** 537 S.W.2d 458 (Tex.Cr.App.1978)"
**Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

   The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra,**at 223 hn1

   3. Filing of the complete record deprives the trial court of jurisdiction in Melissa Lucio's case.

> "A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond." **Farris v. State,**712S.W.2d512,513 hn1(Tex.Crim.App.1986)

   4. Melissa Elizabeth Lucio, in her capacity as Appellant in Cause No.AP 76,02 now pending in the

**Scanned  Oct 15, 2010**

Court of Criminal Appeals of Texas, objects to any attempt to remove Mr. Warner as her counsel Cause No.AP 76,02 now pending in this Court. **Stearnes v. Clinton**,780 S.W.2d 216,217(Tex.Crim.App.1989) Mr. Warner objects to being removed as counsel for Melissa Elizabeth Lucio.   This Court noted in **Stearnes**:

> "This original action has been filed by a capital murder defendant in Lubbock County. Leave to file was granted with respect to relator's allegation number one. In this allegation relator Stearnes seeks to have this Court issue a writ of mandamus directing the trial court to vacate an order removing relator's court appointed counsel from the case. ***We will address only relator's allegation number one. We will grant relief on this allegation." **Stearnes** at 217

> "[O]nce an attorney is appointed the same attorney-client relationship is established and it should be protected." **Stearnes** at 222 hn1

5. John Henry Ramirez, in his capacity as

**Scanned Oct 15, 2010**

Appellant in Cause No.AP 76,100 now pending in the

Court of Criminal Appeals of Texas, objects to any

attempt to remove Mr. Warner as his counsel Cause

No.AP 76,100 now pending in this Court. **Stearnes**

**v. Clinton,** 780 S.W.2d 216,217(Tex.Crim.App.1989)

Mr. Warner objects to being removed as counsel for

John Henry Ramirez.

This Court quoted with approval:

> "An inviolate attorney-client relationship
> has been created and should not be
> arbitrarily disturbed. The fact that the
> county was paying for counsel does not in
> and of itself provide the trial court with
> sufficient justification for arbitrary
> removal of... [appointed attorney] over
> the objections of [client] and
> [attorney]." **Matter of Welfare of**
> **M.R.S.,400 N.W.2d 147(Minn.App.1987)**
> quoted with approval **Stearnes** at 222 hn1

6. Counsel makes the following representations

of fact to the Court of Criminal Appeals. "We may

accept uncontroverted representations of counsel

Scanned  Oct 15, 2010

as evidence." **Davis v. State**,130 S.W.3d519,521-522(Tex.App.-Dallas 2004,no pet.)

Mr. Warner was appointed capital appellate counsel for the Fifth Administrative Region. Mr. Warner has been removed as capital appellate counsel for the Fifth Administrative Region at a meeting of the committee established by TEX.CODE CRIM.P.art.26.052( c) held on May 15, 2009. Mr. Warner had discussed the facts with Attorney Hector Rene Gonzalez before filing the original Petition for Prohibition or Mandamus. Mr. Gonzalez told Mr. Warner there had been no meeting of the committee.  Yesterday, September 23, 2009, Mr. Warner spoke with Mr. Gonzalez again. Mr. Gonzalez told Mr. Warner that Mr. Gonzalez had reviewed his notes on his calendar and did now remember that there was a meeting of the committee held at the Water Street Oyster Bar in Corpus Christi. He

Scanned  Oct 15, 2010

remembered saying to the other members of the committee that it would not be fair to remove Mr. Warner without notice and an opportunity to be heard.

Counsel has complied with the requirement of continuing education set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the following seminar:

> The Development and Integration of Mitigation Evidence in Capital Cases
> April 16-19, 2009
> Marriott Philadelphia Downtown
> Philadelphia, PA
> Contact: Chastain Smith
> Email: Chastain_Smith@ao.uscourts.gov
> PROGRAM DESCRIPTION
> This seminar has been held annually since the Supreme Court decision in **Wiggins v. Smith**, 539 U.S. 510 (2003), which recognized the ABA Guidelines as "well-defined norms" in capital defense and acknowledged the importance of the non-lawyer who compiled the mitigation evidence. Scores of federal and state reviewing courts have now cited the ABA Guidelines as a national standard in the

INITIAL BRIEF - 24

**Scanned  Oct 15, 2010**

development of mitigation evidence, and the Supplementary Guidelines for the Mitigation Function published in 2008 have explained in detail the duties and obligations of counsel and the whole defense team in conducting a thorough social history investigation. This year's seminar will address recent advances in neuroscience and mental health, issues relating to race and culture, and how the mitigation investigation involves much more than preparation for a sentencing proceeding. Through a combination of plenaries and small groups, the seminar will explore both general and specific mitigation affecting cases in a variety of procedural postures."

Counsel mailed proof of attendance at that seminar to the Adminstrative Judge of the Fifth Administrative Region in April, 2009.

Counsel is scheduled to attend a three-day seminar at The Center for American and International Law 5201 Democracy Drive | Plano, Texas 75024-3561 in November, 2009 on post-judgment judicial proceedings, including appeals, in capital cases. The courses are:

November 11-12 Habeas: Brief Writing--for

**Scanned  Oct 15, 2010**

> the Defense  Plano, TX
> November  13  Appellate  Training/Capital
> Specific--Defense Plano, TX

7. Counsel makes the following representations to the Court of Criminal Appeals. **Davis,supra**

On Friday, September 11,2009, Miriam, the Judge's secretary in the 138th District Court of Cameron County called me about 2 p.m. and asked me for a fax number to send me an order. I gave her a number. She sent me Exhibit "A", which announces a hearing "on the continued representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.

I called the 138th and asked to talk to the Judge. He was unavailable. I talked to Raul, the court coordinator. Raul told me that I had been

Scanned  Oct 15, 2010

removed as capital appellate counsel for the Fifth Administrative Region and that was what the hearing was about.

Melissa's husband is on trial for injury to the same child she was convicted of murdering. She had been subpoenaed as a witness in that trial. I had filed the following:

"In the 107th District Court of Cameron County, Texas

**The State of Texas vs. Roberto Antonio Alvarez** 08-CR-1622A**Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness Against Oneself**TO THE HONORABLE JUDGE OF SAID COURT:  Mr. Warner, Counsel for Melissa Elizabeth Lucio,moves the District Court to quash the subpoena for Melissa Elizabeth Lucio. . . . "

I called Attorney Ed Stapleton, the lawyer for Alvarez. Mr. Stapleton told me that Rene Gonzalez, an assistant district attorney, had come to court

Scanned Oct 15, 2010

earlier in the day and had told the judge in that 107th District Court that "Mr.Warner had been removed as capital appellate counsel for the Fifth Administrative Region". Mr. Stapleton told me that the Judge of the 138th District Court had told Mr. Stapleton that the "Presiding Judges of the Region removed Mr. Warner as capital appellate counsel".

Mr. Rene Gonzalez, the assistant district attorney, later told me that the Judge had made that announcement, not Mr. Gonzalez.

I did represent Melissa Lucio in her capacity as witness in Alvarez' trial. She invoked her right not to be a witness against herself as noted in TEX.CONST.art.I,sec.10.

I then called Attorney Hector Rene Gonzalez of Corpus Christi. I represent John Henry Ramirez on his appeal to this Court; Mr. Gonzalez represents John Henry Ramirez on prosecutions now pending in

Scanned Oct 15, 2010

the 94th District Court of Nueces County for the underlying felonies which were the basis for raising the charge to a capital one on the matter now on appeal to this Court.

Attorney Hector Rene Gonzalez is a member of the committee for the Fifth Administrative Region set out in TEX.CODE CRIM.P.art.26.052( c) & art.26.052(c)(4).

Mr. Hector Rene Gonzalez told me that the Committee had not had any meetings recently and had not had any meeting at which I was removed as capital appellate counsel.

As noted above, yesterday Mr. Gonzalez remembered the meeting and his stating to the other members of the committee that it would not be fair to remove one from the list without notice and an opportunity to be heard.

**Scanned  Oct 15, 2010**

The very first inkling I got of having been removed as capital appellate counsel for Melissa Lucio and for John Henry Ramirez was at 2:39 p.m. on Friday, September 11, 2009 when I got the faxed order mentioned above from the secretary at the 138th District Court. I have had no notice or opportunity to be heard whatsoever.

8. Further representations:

I have an established attorney-client relationship with John Henry Ramirez. I spent an entire day with him on two separate occasions, the most recent at the trial court's evidentiary hearing on the Motion for New Trial and the evidentiary hearing on the Bills of Exception. On each occasion I met with Mr. Ramirez face-to-face without any bars or glass between us sitting next to each other. Based on his response to my request that he discuss the operative facts and based on

Scanned Oct 15, 2010

his response to my explanation of the procedure, I am confident that he trusts me.

Mr.Ramirez accepts me and trusts me. I know because he talked openly with me and listened to my explanations.

I am communicating with Mr. Ramirez by letter at the moment. He is on death row.

I have an established long-term attorney client relationship with Melissa Elizabeth Lucio, who is currently in the downtown Cameron County Jail.

I attended the second stage of the trial in person. I represent her pro bono in two matters related to her capital case. One, noted above, is

08-CR-

1622A   **The State of Texas vs. Roberto Antonio Alvarez Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness**

Scanned  Oct 15, 2010

**Against Oneself,** 107th District Court, Cameron County; two, In the Child Protective Services Court, James Belton, Judge, In the Matter of the Children of Melissa Elizabeth Lucio.   Attorney Olga Barron represents Ms. Lucio's interest in the children. I represent her penal interest in not providing additional evidence in the criminal matter. I spoke to Ms. Barron four days ago. The matter continues to be postponed for further review. I appeared for Ms. Lucio at the child placement review hearing again, last week. The matter has been postponed until January 6, 2010.

I see Ms. Lucio about once a week.

She trusts me and is following my advice. After I had seen her regularly for some time she told me things that she had not told any other lawyers, not even her defense lawyers at trial, that relate to her trial and appeal.

**Scanned  Oct 15, 2010**

Ms. Lucio accepts me and trusts me.

9.  The Cameron County District Attorney's office tried once before to have me removed from representing Ms. Lucio on her appeal to the Court of Criminal Appeals. The proceeding was in the 138th District Court. She and I both objected, citing **Stearnes v. Clinton, supra.** Their challenge was rejected.

10. This Court has noted that appeal is an inadequate remedy in this situation.

> "The remedy of appeal is simply inappropriate to the situation present here. While we acknowledge that an indigent defendant has no right under the Federal or State Constitutions to have counsel of his choosing, the right-to-counsel provisions of the respective constitutions prevents the trial court from unreasonably interfering with the counsel duly appointed. Once a valid appointment has been made, the trial court cannot arbitrarily remove him as attorney of record over the objections of the defendant and counsel. Having

**Scanned Oct 15, 2010**

appointed counsel, a criminal defendant should not be subjected to a trial and appeal process without the appointed counsel he had grown to accept and gain confidence in. The utilization of the appellate process in this situation to correct this particular ill would be too burdensome and would only aggravate the harm and most likely would result in a new trial compelling relator to again endure a trip through the system,1. FN2 creating in turn needless additional cost to the taxpayers of this state.We have the tools to right a wrong and prevent placing this relator into "appellate orbit." Simply put, under the facts of this case an appeal does not provide an adequate remedy even if it results in a reversal and new trial."**Stearnes** at 225 hn8

11. If a judge cannot remove counsel under these facts, then neither can the presiding judge of the Fifth Administrative Region and neither can the committee set up under TEX.CODE CRIM.P.art.26.052( c) and 26.052(d)(4) If one judge cannot remove counsel under these facts,

**Scanned  Oct 15, 2010**

then neither can several judges, because the interest to be protected is the attorney-client relationship. If one judge cannot remove counsel under these facts, then neither can a committee, because the interest to be protected is the attorney-client relationship.

12. This hearing at 1 p.m. on September 15, 2009 in the 138th District Court restated my relationship as attorney with my client Melissa Lucio. She was present at a hearing convened by the same judge who appointed me to represent her in the first place. She told the judge she objected to my removal, trusted me, accepted me, and that I came to see her, and that I helped her in other matters, like her children.

The brief is soon to be due in Lucio. The record is 44 volumes long. I have long ago begun reading it and writing our brief.

The reporter's record is soon to be filed in John Henry Ramirez' appeal. Judge Galvan gave me an informal copy of some of the record even before the hearing on the Motion for New Trial. I have

INITIAL BRIEF - 35

**Scanned  Oct 15, 2010**

been reading the record and writing the brief.

13. I spoke to Mr. Grant Jones today, September 24, 2009. Mr. Jones told me that he and Attorney Hector Rene Gonzalez were at the May 15, 2009 meeting and that they were under the impression that the matter of taking me off the list had been tabled.

14. TEX.CONST.art.I,secs.13 & 19 provide that one is entitled to due course of law before being deprived of a liberty right or a property right. Counsel in capital appeals are to be paid. One has a liberty right in his reputation. I have gotten no notice of any reason to remove me from the list of counsel approved for appointment to represent people on capital appeals to this Court. I have not had any opportunity to be heard.

TEX.CONST.art.I,sec.13 provides:

> "Sec. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."TEX.CONST.art.I,sec.13

Scanned  Oct 15, 2010

If I am removed from the list, my reputation among the legal community will be damaged. Other lawyers will find out and wonder why. As of this date I myself do not know why the committee removed me. I have not had an opportunity to be heard.

The Seventh Court of Appeals noted that the State Constitution expressly recognizes the protection of one's reputation. **Simmons v. Ware**, 920 S.W.2d 438(Tex.App.-Amarillo 1996)

As to property, Under  section 13 and § 19 of Article I, where city commissioners, in performing their duties as representatives, make due inquiry as to eligibility and qualifications and appoint corporation counsel in good faith for period fixed by charter, incumbent secures the legal right to the office during term of appointment, unless legally removed after due charges and hearing, and

INITIAL BRIEF - 37

Scanned Oct 15, 2010

where illegally removed courts will reinstate.
**Ridgway v. City of Fort Worth,**243 S.W. 740
(Tex.Civ.App.-Fort Worth 1922,writ dism'd)

The only provision in TEX.CODE
CRIM.P.art.26.052 for removal appears at
26.052(d)(4) noting that

> "The committee shall remove the attorney's
> name from the list of qualified attorneys
> if the attorney fails to provide the
> committee with proof of completion of the
> continuing legal education requirements."
> TEX.CODE CRIM.P.art.26.052(d)(4)

As noted above, I have completed and will complete
additional cle and have furnished proof to the
committee by sending it to the Presiding Judge of
the Region.

While the appointment in **Ridgway** was for a
term, the appointment to the capital list is
continuing, as long as counsel completes cle and
notifies the committee. The import is that neither
be deprived of the property interest in the

Scanned  Oct 15, 2010

appointment without due course of law.

Conclusion and request for relief

The Court of Criminal Appeals of Texas should grant leave to file a Petition for Mandamus or Prohibition. TEX.R.APP.P.72.1

The Court of Criminal Appeals of Texas should prohibit any action resulting from the hearing in the 138th District Court had at 1pm on Sept.15,2009 because that Court lost jurisdiction once the complete record was filed with this Court.

The Court of Criminal Appeals should order Judge Bañales to vacate his order removing Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order Judge Bañales to place Mr. Warner on the list set out in TEX.CODE CRIM.P.art.26.052( c)as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order the "local selection committee" for the Fifth Administrative Judicial Region to vacate its order removing Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region.

**Scanned  Oct 15, 2010**

The Court of Criminal Appeals should order the "local selection committee" for the Fifth Administrative Judicial Region to place Mr. Warner again on the list set out in TEX.CODE CRIM.P.art.26.052( c)as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order general relief.

Respectfully submitted
this September 24, 2009,

Larry Warner,
Attorney at Law/Attorney for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
T x . B d .      L e g a l
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

INITIAL BRIEF - 40

**Scanned Oct 15, 2010**

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

### Certificate of Service of Amended Petition

I certify that I will personally cause to be delivered a true paper copy of the Amended Petition to Hon. Armando Villalobos, District Attorney at 974 East Harrison St., Brownsville, Tx 78520 on September 14, 2009 If I can find out his email address, I will send those items on September 14, 2009 and will advise the Court that I have done that.

I certify that I sent a true copy of the Amended Petition to 5thadmin.region@co.nueces.tx.us to the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Amended Petition to **joann.gutierrez@co.nueces.tx.us** to the secretary for the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Amended Petition to Hon. Carlos Valdez, District Attorney, Nueces County Courthouse,901 Leopard, Corpus Christi, Tx at the blind email on his website.

**Scanned  Oct 15, 2010**

I certify that I will cause to be delivered a true copy of the Amended Petition as well as a true copy of the Motion for Temporary Stay to Hon. Arturo Cisneros Nelson at the Cameron Courthouse , 974 East Harrison, Brownsville, Tx on 9 14 09.

I caused those items to be sent on September 24, 2009.

Respectfully submitted this September 24, 2009,

Larry Warner
Attorney at law/Attorney for Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: **office@larrywarner.com**
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
T x . B d .     L e g a l
Specialization(1983)
Member of the Bar of the Supreme Court of the United States(1984)

Scanned  Oct 15, 2010

No. _____


In the Court of Criminal Appeals of Texas


In re: Melissa Elizabeth Lucio, Appellant in
Cause No.AP 76,020 now pending in this Court, and
John Henry Ramirez, Appellant in Cause No.AP
76,100 now pending in this Court, and Larry
Warner, Attorney for each of them in the noted
appeals, Relators

Verification of allegations of fact contained in

Amended Petition for Prohibition or Mandamus

TEX.R.APP.P.72.1 and verification of factual

allegations in Motion for Leave to Supplement the

Record

and verification of exhibits

STATE OF TEXAS

COUNTY OF CAMERON

Before me, the undersigned, appeared this day

Larry Warner, well known to me, who, upon his

INITIAL BRIEF - 43

Scanned Oct 15, 2010

oath, deposed and said:

"My name is Larry Warner.

I am an attorney licensed to practice law in Texas.

I am attorney for Melissa Elizabeth Lucio and attorney for John Henry Ramirez on their respective appeals from the 138th District Court of Cameron County and the 94th District Court of Nueces County to the Court of Criminal Appeals of Texas.

I swear that all the allegations of fact in the Motion for Leave to File and all the allegations of fact in the Amended Petition for Mandamus and all the allegations of fact in the Motion for Leave to Amend and all the allegations of fact in the Motion to Supplement the Record are true within my own personal knowledge save for those made upon information and belief, which I do

INITIAL BRIEF - 44

Scanned Oct 15, 2010

believe to be true.

I swear that the copy of the Order Setting Hearing in cause number 07-CR-885-B is a true copy of the original. I know that because the judge's secretary, Miriam, sent me the copy by facsimile to my office in Harlingen, Tx.

I swear that the copy of the letter dated April 29, 2009 is a true copy of the original I sent to the Presiding Judge of the Fifth Region. I know it is a true copy because I prepared the letter and the cle attachment myself.

I swear that the copy of the memorandum from Judge Euresti to the other district judges of Cameron County not to appoint me in capital case is a true copy of the original. I got the original hand-to-hand from the court coordinator of the 138th District Court at the order of the Judge of that Court.

**Scanned  Oct 15, 2010**

Larry Warner

Attorney for Relators


SUBSCRIBED   AND   SWORN   TO   before   me   by   Larry

Warner this September 24, 2009.



Notary Public

State of Tx

Commission exp.: 9/2/12


Index to Verified Exhibits in Appendix


Exhibit A   Order setting hearing in 138 [th] District Court "on the

continued representation of Defendant [Lucio] on her

Appeal by the Honorable Larry Warner"

INITIAL BRIEF – 46

**Scanned  Oct 15, 2010**

Exhibit B   Motion for Leave to File

Exhibit C   Exhibit    "C"    (Letter    to Presiding

Judge,April 29, 2009)  re continuing legal

education


Ex."D" Memo from J. Ben Euresti to District Judges of Cameron

re not appointing Mr. Warner as appellate counsel in capital cases.


(Subject to action of Court of Criminal Appeals on Motion to

Supplement)