**Scanned  Jun 18, 2013**  *CCA Scanning Cover Sheet*



2506179

CaseNumber: WR-72,702-02
EventDate: 11/28/2012
Style 1: LUCIO, MELISSA ELIZABETH
Style 2:
Event code: MISC DOCUMENT RECD

EventID: 2506179
Applicant first name: MELISSA ELIZABETH
Applicant last name: LUCIO
Offense: 19.03
Offense code: Capital Murder
Trial court case number: 07-CR-885-B-WR
Trial court name: 138th District Court
Trial court number: 320310138
County: Cameron
Trial court ID: 148
Event map code: GENERIC
Event description: Habeas Corpus - Capital Death
Event description code: 11.071
Remarks: ADVISORY OF COLLATERAL PROCEEDINGS
AND MOTION TO TAKE JUDICIAL NOTICE
THEREOF

☐ Document Scanned                    ☐ Created or
                                      ☐ Appended

_____  _____  _____
Scanned by        date      Image ID

_____
Comment
_____
_____

Scanned  Jun 18, 2013

**ORIGINAL**

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 2 8 2012

Louise Pearson, Clerk

WR-72,702-02

### IN THE COURT OF CRIMINAL APPEALS

|  |  |  |
|---|---|---|
| | ) | ***CAPITAL CASE*** |
| **Ex Parte Melissa Elizabeth Lucio** | ) | |
| **Defendant-Petitioner** | ) | **138TH DISTRICT COURT** |
| | ) | **OF CAMERON COUNTY, TEXAS** |
| | ) | **Case No. 07-CR 885 B** |

### ADVISORY OF COLLATERAL PROCEEDINGS
### AND MOTION TO TAKE JUDICIAL NOTICE THEREOF

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Melissa Elizabeth Lucio, Defendant in the above numbered cause, by and through state habeas counsel and respectfully moves this Honorable Court to take judicial notice of pending state habeas proceedings in *Melissa Elizabeth Lucio v. The State of Texas*, Ct. App. No. 13-10-00515-CR and of *Johnson v. Mississippi*, 486 U.S.578 (1988), in support whereof would show the court as follows:

I.

Mariah Alvarez died on Saturday, February 17, 2007. That evening, Melissa Lucio was taken to the police station and interrogated for approximately six hours into the wee hours of the next morning. SX 3, SX4, SX 5. At the end of her interrogation Melissa was arrested for capital murder and detained. SX 5 (arrest); I CR 12 (Melissa in custody). Melissa was formally indicted on May 16, 2007 – nearly three months after her arrest and detention. I CR 9-10. Melissa was finally

Scanned  Jun 18, 2013

arraigned on May 31, 2007– more than three months after her arrest and detention – at which time the court finally – and belatedly – appointed legal counsel. I CR 11, 14 (order appointing Peter C. Gilman).

During the more than three months from the date of Melissa's arrest for capital murder until the appointment of counsel she was charged with an unrelated incident of Driving While Intoxicated allegedly committed on September 15, 2006, was arraigned, and – without benefit of legal counsel on either case – plead guilty. I CR 85 (State's Notice of Extraneous Offenses: 5/16/2007 DWI Conviction, Cause No. 06-CCR 6849-C); 38 RR 35.

Ms. Lucio was convicted of capital murder. During the punishment phase, Ms. Lucio's conviction for DWI was the only prior conviction introduced into evidence as proof of future dangerousness. I CR 85, 38 RR 35. Ms. Lucio was sentenced to death.

## II.

In Ms. Lucio's brief in support of her State Application for Writ of Habeas Corpus, counsel argued that the DWI conviction had been "erroneously introduced" in violation of her right to counsel at all critical stages of criminal proceedings. Brief at 24,  Counsel also advised the Court in footnote 10 that "Following Melissa Lucio's conviction, and during the pendency of her direct appeal, direct appeal counsel sought to set aside the collateral DWI conviction in separate state habeas proceedings." Brief at 24 n. 10.  Counsel would advise the Court that collateral proceedings under Article 11.09 of the Texas Code of Criminal Procedure related to that prior DWI conviction are now pending in the Thirteenth Court of Appeals. *See Attached Brief.* There, as here, Ms.

2

**Scanned  Jun 18, 2013**

Lucio's counsel[1] argued that her guilty plea was made without benefit of counsel, and that the conviction could not, therefore, properly be considered as evidence of future dangerousness in the instant capital murder case.  Counsel cited to *Johnson v. Mississippi*, 486 U.S. 578 (1988), in support of his position.

In *Johnson v. Mississippi*, 486 U.S. 578 (1988), the defendant was convicted of capital murder and sentenced to death.  A New York conviction was admitted at the punishment phase.  After trial on the capital murder was over, his lawyers got the New York conviction vacated on habeas corpus. On direct appeal from the capital murder conviction and sentence of death, the Mississippi Supreme Court refused to consider that the New York conviction had been vacated.  On certiorari to the Supreme Court of Mississippi, the Supreme Court of the United States reversed the judgment of the Supreme Court of Mississippi affirming the trial court's judgment of conviction and sentence of death, and ordered a new trial. *Johnson v. Mississippi*, 486 U.S. 578 (1988).  Because the Supreme Court has held that where a prior conviction admitted at the punishment phase of a capital trial is later vacated on its own habeas, a new trial on the capital murder charge is required, the ultimate outcome of Ms. Lucio's collateral state application for writ of habeas corpus is relevant to the outcome of the instate state application for writ of habeas corpus.

III.

An "appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties," *Huffman v. State*, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972); *Ex parte Flores*, 537 S.W.2d 458 (Tex. Crim. App. 1978)." *Turner v. State*, 733

---

[1] Counsel in the collateral 11.09 proceeding regarding Ms. Lucio's DWI conviction is Larry Warner, SBN 20871500.

3

**Scanned  Jun 18, 2013**

S.W.2d, 218, 223 (Tex. Crim. App. 1987).

WHEREFORE, counsel respectfully requests that this Court take judicial notice of Texas state court records in the related State Application for Writ of Habeas Corpus under Article 11.09 of the Texas Code of Criminal Procedure attacking Ms. Lucio's prior DWI conviction citing the United State Supreme Court's ruling in *Johnson v. Mississippi*, 486  U.S. 578 (1988), as binding precedent.

Respectfully Submitted,

Margaret Schmucker
Attorney for Defendant
Texas Bar No. 24030874

Law Office of Margaret Schmucker
13706 Research Blvd., Suite 211-F
Austin, Texas 78750

Phone (512) 236-1590
Fax (877) 465-7066

4

**Scanned  Jun 18, 2013**

### CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of November, 2012, a true and correct copy of the foregoing document was served upon Michael Bloch, Assistant District Attorney, 974 E. Harrison Street, Brownsville, TX 78520 by overnight delivery.

*Margaret Schmucker*

Margaret Schmucker
Attorney for Melissa Elizabeth Lucio

Scanned  Jun 18, 2013

In the  Court of Appeals for the Thirteenth District of Texas


Ct.App.No.13-10-00515-CR


**Melissa Elizabeth Lucio v. The State of Texas**



\* \* \* \* \* \* \* \* \*
Applicant's Initial Brief in Support of Application for
Post-conviction writ of habeas corpus; TEX.R.CRIM.P.art.11.09
\* \* \* \* \* \* \* \* \*

Larry Warner
Attorney at Law
3109 Banyan; Harlingen, Tx 78550
(956)230-0361; 956 454 4994
State Bar of Texas #20871500
email: office@larrywarner.com
website: larrywarner.com
Bd.Cert.Crim.Law, TBLS (1983)
Member of the Bar, Supreme Court of
the United States(1984)
Attorney for Applicant

i

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(a), Appellant provides the following identity of parties and counsel:

1.   Melissa Elizabeth Lucio, Applicant/Appellant

2.   Hon. Larry Warner, Attorney for Applicant on application for habeas corpus and on appeal to the Court of Appeals from denial of the application for habeas corpus, 3109 Banyan; Harlingen,Tx 78550;email: office@larrywarner.com; website: larrywarner.com; Board Certified, Criminal Law, Texas Board of LegalSpecialization(1983);Member, Bar of the Supreme Court of the United States(1984)

3.   Hon. Armando Villalobos, District Attorney; Cameron County Courthouse; 964 East Harrison; Brownsville, Tx 78520 Prosecutor of the driving while intoxicated case at trial and on this collateral attack

4.   Hon. Jeffrey M. Garcia, Assistant District Attorney; Cameron County Courthouse; 964 East Harrison; Brownsville, Tx 78520; Attorney at trial for the state

5.   Hon. Rene B. Gonzalez, Assistant District Attorney; Cameron County Courthouse; 964 East Harrison; Brownsville, Tx 78520; Attorney at hearing on application for post-conviction writ of habeas corpus

6.   Hon. Lane Haygood, 964 East Harrison; Brownsville, Tx 78520; Attorney at hearing on application for post-conviction writ of habeas corpus

ii

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(b), Appellant provides the following
table of contents:

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . iii

IDENTITY OF PARTIES.. . . . . . . . . . . . . . . . . . iv

STATEMENT OF CASE.. . . . . . . . . . . . . . . . . . . ix

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . x

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . 12-47

CONCLUSION AND REQUEST FOR RELIEF.. . . . . . . . . . . 48

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . 50

iii

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(c), Applicant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:

CASES                                                         PAGES

**Brewer v. Williams,** 430 U.S. 387, 405,hn11 97(1977). . . . . . 23
    The question on waiver of counsel is whether the "facts
    provide 'no reasonable basis' for finding valid waiver of
    right to counsel."

**Burns v. State,** 441 S.W.2d 532 (Tex. Crim. App. 1969). . . . . 20
    Pleas of guilty without lawyers are suspect.

**Camacho and Ybarra v. State,** 968 S.W.2d 388,391hn2(Tex.App.-Corpus
Christi 1997,no pet.).. . . . . . . . . . . . . . . . . . . 5
    The Trial Court should approve an oral stipulation of evidence
    in writing.

**Davis v. State,** 130 S.W.3d 519, 521 hn3 (Tex.App.-Dallas 2004, no
pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . 41
    "We may accept uncontroverted representations of counsel as
    evidence."

**Diaz v. State,** 905 S.W.2d 302,309 hn17(Tex.App.-Corpus Christi
1995,no pet.).. . . . . . . . . . . . . . . . . . . . . 27-28
    Failure of the judge orally to explain a waiver, even though
    the waiver is contained in a written instrument, may vitiate
    the waiver.

**E.I.du Pont de Nemours and Co.,Inc. v. Robinson,** 923 S.W.2d
549,550(1995).. . . . . . . . . . . . . . . . . . . . . . . 43
    Reliability is the principal factor in admissibility of
    evidence.

**Ex Parte Morse,** 591 S.W.2d 904,905-906 hn4(Tex.Crim.App.1980). 33
    Serious collateral consequences preclude mootness.

**Ex parte Sewell,** 606 S.W.2d 924(Tex.Cr.App.1980). . . . . . . . 34
    Serious collateral consequences preclude mootness.

**Garcia v. State,** 548 S.W.2d 405(Tex.Crim.App.1977). . . . . 6,46
    An indigent not granted counsel for appeal will be granted
    a new trial.

**Garcia v. State,** 548 S.W.2d 405(Tex.Crim.App.1977).. . . . . 6,46

**Scanned Jun 18, 2013**

The Court presumes that indigency continues.

**Harwell v. State,**19 Tex.App.423 hn1(Tex.App.1885).. . . . . . 13
   At one time, even pleas of guilty had to be to juries.

**Harris Co.Bail Bond Bd.v.Pruett,**177 S.W.3d260(Tex.App.-Houston[1st
Dist.]2005,pet.granted,r.o.g.249 S.W.3d 447(Tex.2008))[Appellee's
Brief]. . . . . . . . . . . . . . . . . . . . . . . . . . 41

   An appellate court may take judicial notice of online court
   entries.

**Heitman v. State,**815 S.W.2d 681,689 hn1(Tex.Crim.App.1991). . 29
   "'The federal constitution sets the floor for individual
   rights; state constitutions establish the ceiling.'"

**Hicks v. Oklahoma,**447 U.S.343(1980).. . . . . . . . . . . . 11

**Hieng v. U.S.,**Nos. CV-F-10-1620 OWW, CR-F-07-243 OWW.(E.D.Cal.Sept.
10, 2010).. . . . . . . . . . . . . . . . . . . . . . . 42-43
   "The Court may take judicial notice of***PACER...via the
   internet. See Fed.R.Evid. Rule 201(b); United States v.
   Howard, 381 F.3d 873, 876, fn. 1 (9th Cir.2004)."
   A state's failure to follow its own law violates federal
   due process.

**In re A.R.,**236 S.W.3d 460,477 hn17(Tex.App.--Dallas 2007,no pet.)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
   A"court may take judicial notice of the records of another
   court...."

**Johnson v. Mississippi,**486 U.S.578(1988). . . . . . . . . . 44
   If a conviction which was admitted at the punishment phase of
   a capital trial is overturned, then the judgment in the
   capital case will be reversed and the capital case remanded.

**Johnson  v.  U.S.,**82  Fed.R.Serv.3d  128,143(N.D.Iowa[Central
Div.]2012). . . . . . . . . . . . . . . . . . . . . . . 31
   "[A] prosecutor's duty to correct false testimony "also
   encompasses situations in which the government allows
   materially misleading statements to go uncorrected," even if
   the statements are not perjured. United States v. McClintic,
   570 F.2d 685, 692 (8th Cir.1978)***" **Johnson v. U.S.,**82
   Fed.R.Serv.3d 128,143(N.D.Iowa[Central Div.]2012)

**Kelly v. State,**824 S.W.2d 568(Tex.Crim.App.1992) [cited in **Robinson**

v

**Scanned  Jun 18, 2013**

at 555].. . . . . . . . . . . . . . . . . . . . . .  43
    Reliability  is  the  principal  factor  in  admissibility  of
    evidence.

**Kirk Wayne MCBRIDE, TDCJ No. 1287097 Plaintiff-Appellant, v. TDCJ,
et. al., Defendants-Appellees,___S.W.3d___(Tex.App.-Corpus Christi**
pending as of 10/3/12)[Appellee's Brief]. . . . . . . . . .  42
    This Court is considering whether to take judicial notice of
    PACER online material.

**Kocich v. State,**94 Tex.Crim.74(1923). . . . . . . . .  14,19,34
    The standard for review of the voluntariness of a waiver of
    jury is beyond a reasonable doubt.

**Kocich v. State,**94 Tex.Crim.74(1923). . . . . . . . .  14,19,43
    Pleas of guilty are suspect.
    The standard for review of the voluntariness of a waiver of
    jury is beyond a reasonable doubt.

**Lawrence v. State,**240 S.W.3d 912,917 hn12 fn24(Tex.Crim.App.2007) 27,42
    The Court of  Appeals may rely upon opinions of other jurisdictions.

**Lucio v. State,**351 S.W.3d 878(Tex.Crim.App.2011). . . . . . .  18
    The  same  prosecutor  in  the  misdemeanor  now  collaterally
    attacked was the prosecutor in the later capital murder trial.

**McCain v. State,** 67 S.W.3d 204(Tex.Crim.App.2004).. . . . . .  16
    One must fully understand and intend to waive a jury trial for
    the waiver to be effective.

**McNeal v.State,**502 S.W.2d157(Tex.Crim.App.1973).. . . . . .  10,45
    A void misdemeanor conviction used to enhance  a subsequent
    prosecution  to  a  felony  requires  vacating  the  felony
    conviction.

**Padilla v. United States,**130 S.Ct.1473,1475(2011).. . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . 18,19,22,26,29,30
    One pleading guilty must be informed of the sure collateral
    consequences of that plea.

**People v. Superior Court(Zamudio),**96 Cal.Rptr.2d 463,466(Cal.2000)
. . . . . . . . . . . . . . . . . . . . . . . . . . 27
    Admonitions about two out of three  consequences of a guilty
    plea was (sic,quantitative) insufficient. **People v. Superior
    Court(Zamudio),**96 Cal.Rptr.2d 463,466(Cal.2000)

**Price v. State,**866 S.W.2d 606,611 hn3(Tex.Crim.App.[en banc]1993)

**Scanned  Jun 18, 2013**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    Misdemeanors imposing incarceration require an arraignment.

**Samudio v. State,** 635 S.W.2d 183 (Tex.App.-Houston[1stDist.]1982)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    Waiver of right to jury trial in misdemeanor case could not be
    inferred. Issue may be raised for first time post-trial.

    Any recitation of knowing waiver of a jury found erroneous.
    **Samudio** *had* counsel.

**Strahan v. State,** 221 S.W.2d 976(Tex.Crim.App.1920). . . . . . 18
    An Appellate Court may take judicial notice of who was
    District Attorney at a particular time.

**State      v.      Vasquez,** 140S.W.3d758,760hn3(Tex.App.-Houston[1st
Dist.]2004,no pet.).. . . . . . . . . . . . . . . . . . . . 21
    "[A]n involuntary waiver of the right to a jury trial will
    render a judgment void".

**Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987). 1,18
    A Court may take judicial notice of the records of another
    court when furnished with requisite material.

**United States v. McClintic,** 570 F.2d 685, 692 (8th Cir.1978). . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31-32
    Due process requires the prosecutor to correct a "materially
    misleading statement".

**TEXAS' DECLARATION OF INDEPENDENCE.** . . . . . . . . . . . . . 22
    THE TEXAS DECLARATION OF INDEPENDENCE,¶9 Laws of the Republic
    of Texas(Printed by Order of the Secretary of State,2
    vols.;Houston,1838)I,3-7; "[T]he accused...shall have the
    right to a speedy and public trial, by an impartial jury."


CONSTITUTIONS
U.S.CONST.amend.VI;U.S.CONST.amend.XIV, XV.
    Not providing her with a lawyer during the time to file a
    motion for new trial denies her due process and equal
    protection.

TEX.CONST.art.I,sec.3a;TEX.CONST.art.I,sec.10;TEX.CONST.art.I,sec
.20

    Not providing her with a lawyer during the time to file a
    motion for new trial denies her Texas' equal protection.

**Scanned  Jun 18, 2013**

TEX.CONST.art.I,secs. 13 & 19.

    State constitutions establish the ceiling for individual rights.

CONSTITUTION OF THE REPUBLIC OF TEXAS, Declaration of Rights,Sixth(1836);

    "The right of trial by jury shall remain inviolate."

CONSTITUTION OF THE REPUBLIC OF TEXAS, Declaration of Rights,Ninth(1836);

    "In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury."

CONSTITUTION OF THE STATE OF TEXAS(1845),sec.8;

    "The right of trial by jury shall remain inviolate."

CONSTITUTION OF THE STATE OF TEXAS(1845),sec.11;

    "In all criminal prosecutions, the accused shall have a speedy public trial, by an impartial jury."

CONSTITUTION OF THE STATE OF TEXAS (1869)SECTION VIII;

    "The right of trial by jury shall remain inviolate."

CONSTITUTION OF THE STATE OF TEXAS (1869)SECTION XII;

    "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.

CONSTITUTION OF THE STATE OF TEXAS (1876)art.I,sec.10; CONSTITUTION OF THE STATE OF TEXAS (1876)art.I,sec.15

    "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

RULES:
Article 26.01, V.A.C.C.P.
    Misdemeanors imposing incarceration require an arraignment.

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(d), Applicant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:

The nature of the case was an application for a post-conviction misdemeanor writ of habeas corpus, pursuant to TEX.CODE CRIM.P.art.11.09, collaterally attacking an uncounseled waiver of jury and waiver of counsel and plea of guilty to a misdemeanor charge of driving while intoxicated. The driving while intoxicated conviction was later used as the only evidence of prior criminal conduct at the punishment phase of a capital murder trial in which the applicant was sentenced to death.

The course of the proceedings was that after 88 days in jail without a lawyer, applicant and five others were brought to the County Court at Law Number 3 of Cameron County, where Ms. Lucio, applicant/appellant, waived counsel, waived a jury, and although eligible for probation, was sentenced to the longest jail term possible plus a thousand-dollar fine, and later had the dwi conviction used against her as the only evidence of prior criminal conduct at the punishment phase of her capital murder trial.

The trial court's disposition of the case was to deny the application for the writ of habeas corpus.

Applicant timely invoked the jurisdiction of the Court of Appeals to hear this appeal from the denial of the application for the writ of habeas corpus.

ix

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(e), Applicant provides the following statement regarding oral argument, noting "how the court's decisional process would be aided by oral argument".

If the Court of Appeals were to grant oral argument, that discussion would help the Court in making its decision.

The Court of Appeals rarely encounters habeas corpus. Its jurisdiction extends in criminal cases only to misdemeanor habeas. Counsel is familiar with the subject and could readily answer the questions and concerns of the Justices.

The Court and Counsel could discuss the dispositive issue of mootness. While the brief explains why a conviction as to which the sentence has been served could be moot, Counsel could answer additional questions about which serious collateral consequences preclude an application of the principle of mootness. Counsel could point out decisions of the Court of Criminal Appeals in which a prior misdemeanor, subsequently held void for the indigent's not having counsel, voided a subsequent offense of which the prior misdemeanor was an element.

Counsel and the Court of Appeals could also discuss the voluntariness of waivers of jury and counsel, as well as the import of the prosecutor's having told the judge that there was a collision, in the light of the parties' having stipulated at the hearing on the application for the writ that there was no collision. Counsel could explain the rule that he need not show bad faith on the part of the prosecutor at trial in making a materially

x

**Scanned  Jun 18, 2013**

inaccurate representation to the court at the plea of guilty in order to be entitled to habeas corpus relief here.

The Court of Appeals will kindly grant oral argument.

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(f), Applicant presents this statement of issues presented:

A. Was applicant's waiver of  jury void?

    1) Under U.S.CONST.amend.VI?

    2) Under TEX.CONST.art.I,sec.10?

B. Was applicant's waiver of counsel void?

    1) Under U.S.CONST.amend.VI?

    2) Under TEX.CONST.art.I,sec.10?

C. Was applicant's plea voluntary?

D. Does serious prosecutorial inaccurate statement require granting the writ? (In order to get the judge to accept the plea, the prosecutor told the judge that there was a collision. The parties stipulated at the hearing on habeas that there was no collision.)

E. Do serious collateral consequences preclude a finding of mootness?

F. Was Applicant indigent and without counsel during the thirty-day period following sentencing on the dwi? Did the trial court appoint counsel for her to appeal? Should the Court of Appeals find that she was denied a meaningful appeal? Should the Court of Appeals grant her an out-of-time appeal? Time to file an out-of-time motion for new trial? A new trial?

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(g), Applicant provides the following statement of facts stating concisely without argument the facts pertinent to the issues of points presented:

Overview:

In Lucio, a woman who had been in jail for 88 days, without a lawyer, goes to court, rapidly pleads guilty, gets the maximum custodial sentence, waives the opportunity to prove that the prosecutor's representation that there was a collision is simply false,[the parties stipulated that there was no collision], and is left without a lawyer to file a motion for new trial or to file a notice of appeal.

    A. Was applicant's waiver of  jury void?

        1) Under U.S.CONST.amend.VI?

        2) Under TEX.CONST.art.I,sec.10?

Ms. Lucio had been in the Cameron County jail for "88 days" without a lawyer. (Hearing on Application for Habeas,p.16,line 17; "Credited 88 days",Judgment,CR 08))There was no plea bargain. (Certificate of Defendant's Right to Appeal, of which the Court of Appeals will please take judicial notice. TEX.R.EVID.201(d)An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987))

1

**Scanned  Jun 18, 2013**

She waived a jury ("having waived the right of trial by jury in writing" CR07)and waived a lawyer ("counsel waived" CR07) and pleaded guilty ("pleaded guilty" CR07)to driving while intoxicated. She was eligible for probation, but did not know that. She had never been convicted of a misdemeanor or a felony before.(RR 21/11-22) She got the longest custodial sentence possible, 180 days. (Judgment,CR08) She also got a $1000 fine. (Judgment,CR08)

B. Was applicant's waiver of counsel void?

Ms. Lucio had been in the Cameron County jail for "88 days" without a lawyer. (Hearing on Application for Habeas,p.16,line 17; "Credited 88 days",Judgment,CR 08))There was no plea bargain. (Certificate of Defendant's Right to Appeal, of which the Court of Appeals    will    please    take    judicial    notice. TEX.R.EVID.201(d)An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987))

She waived a jury ("having waived the right of trial by jury in writing" CR07)and waived a lawyer ("counsel waived" CR07) and pleaded guilty ("pleaded guilty" CR07)to driving while intoxicated. She was eligible for probation, but did not know that. She had never been convicted of a misdemeanor or a felony before.(RR 21/11-

2

**Scanned  Jun 18, 2013**

22) She got the longest custodial sentence possible, 180 days. (Judgment,CR08) She also got a $1000 fine. (Judgment,CR08)

      1) Under U.S.CONST.amend.VI?

      2) Under TEX.CONST.art.I,sec.10?

C. Was applicant's plea voluntary?

Ms. Lucio had been in the Cameron County jail for "88 days" without a lawyer. (Hearing on Application for Habeas,p.16,line 17; "Credited 88 days",Judgment,CR 08))There was no plea bargain. (Certificate of Defendant's Right to Appeal, of which the Court of Appeals will please take judicial notice. TEX.R.EVID.201(d)An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987))

She waived a jury ("having waived the right of trial by jury in writing" CR07)and waived a lawyer ("counsel waived" CR07) and pleaded guilty ("pleaded guilty" CR07)to driving while intoxicated. She was eligible for probation, but did not know that. She had never been convicted of a misdemeanor or a felony before.(RR Habeas 21/11-22) She got the longest custodial sentence possible, 180 days. (Judgment,CR08) She also got a $1000 fine. (Judgment,CR08)

**Scanned  Jun 18, 2013**

Her affidavit in support of the application plainly shows that she "was called upon to surrender a right she did not fully understand". She did not know that a jury verdict had to be unanimous. (RR Habeas 25/19-24) She did not know that a lawyer could have asked for probation. (RR Habeas 21/15-17)She did not know of the serious collateral consequence of using the dwi conviction against her at her capital trial, at which she was sentenced to death. (RR Habeas 29/9-12)

D. Does serious prosecutorial inaccurate statement require granting the writ? (In order to get the judge to accept the plea, the prosecutor told the judge that there was a collision. The parties stipulated at the hearing on habeas that there was no collision.)

The parties stipulated that "if officer Yañez were here, he would say that there was no collision with another vehicle." (RR Habeas 54/18-20) Counsel will supplement the clerk's record with the written approval of the oral stipulation by the judge. TEX.R.APP.P.34.5,34.6

"The attorney representing the State merely said that Applicant's vehicle made a wide turn, thereby 'striking' another vehicle." (CR 77/15-17) State's Answer in Opposition to Applicant's Petition (sic) for Writ of Habeas Corpus.

The prosecutor at the dwi trial told the Judge:

"MR. GARCIA: Your Honor, on or about September 15, 2006, Officer Joel Yanez of the Harlingen P.D.observed a

4

**Scanned  Jun 18, 2013**

vehicle making wide turn, striking another vehicle as it made the turn."(RR Dwi Trial 11/20-23)

At the hearing on habeas, Counsel for Applicant offered this "oral stipulation" (RR Habeas 56/23): "Called as a witness, Officer Yanez would say that there was no car collision and that it was a routine traffic stop." (RR Habeas 56/20-23)

The state agreed to the oral stipulation: "MR.GONZALEZ: Your Honor, we agree that if Officer Yanez were present, that is what he would say." (RR Habeas 58/13-15)

Counsel for Applicant noted that the Court had to approve the oral stipulation of evidence in writing. **Camacho and Ybarra v. State**,968 S.W.2d 388,391hn2(Tex.App.-Corpus Christi 1997,no pet.)

> "MR.WARNER: Let me state the oral stipulation of the evidence. You have to approve it in writing. I'll present something in writing.
>
> THE COURT: All right." (RR Habeas 56/10-13)
>
> ***
>
> "MR. WARNER: I'll present an order.
>
> THE COURT: I will sign that." (RR 58/22-23)

F. Was Applicant indigent and without counsel during the thirty-day period following sentencing on the dwi? Did the trial court appoint counsel for her to appeal? Should the Court of Appeals find that she was denied a meaningful appeal? Should the Court of Appeals grant her an out-of-time appeal? Time to file an out-of-time motion for new trial? A new trial?

"There is no evidence that the petitioner was other than

5

**Scanned  Jun 18, 2013**

indigent...." **Garcia v. State,** 548 S.W.2d 405 (Tex.Crim.App.1977) The judge did not explain the waiver of appeal. (RR Habeas, passim) She never waived an attorney to file a motion for new trial.

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(g), Applicant provides the following summary of the argument, a succinct and accurate statement of the argument made in the body of the brief not merely a repetition of the issues or points presented for review:

A. Was applicant's waiver of  jury void?

    1) Under U.S.CONST.amend.VI?

    2) Under TEX.CONST.art.I,sec.10?

The waiver of jury was void. Ms Lucio was called upon to give up a right she obviously did not understand...she did not even know that a jury verdict had to be unanimous or that she could compel her exculpatory witness to attend trial. No lawyer counseled her on her waiver of jury. The error is not harmless beyond a reasonable doubt because the driving conviction was the only evidence of a criminal conviction offered at her later capital trial in which she was sentenced to death.

The failure to have a required arraignment bears on voluntariness because had there been one, she could have gotten a lawyer. The presumption that the judgment is correct is overcome by its recitation that there was an arraignment when, in fact, there was not an arraignment. The recitation "after having

**Scanned  Jun 18, 2013**

been duly arraigned" (CR 07/line 5 of text) is not borne out by the reporter's record.

B. Was applicant's waiver of counsel void?

   1) Under U.S.CONST.amend.VI?

   2) Under TEX.CONST.art.I,sec.10?

The waiver of counsel was void. Ms Lucio was called upon to give up a right she obviously did not understand...she did not even know that a lawyer could cross-examine witnesses or make her exculpatory witness, who would have said that she was ok to drive, come to court. The error is not harmless beyond a reasonable doubt because the driving conviction was the only evidence of a criminal conviction offered at her later capital trial in which she was sentenced to death.

The failure to have a required arraignment bears on voluntariness because had there been one, she could have gotten a lawyer.

C. Was applicant's plea voluntary?

8

**Scanned  Jun 18, 2013**

The plea was not voluntary. Ms Lucio plainly did not understand what she was giving up when she waived both a jury and a lawyer and then got the maximum sentence when she was eligible for probation and later saw the misdemeanor charge to which she pleaded guilty used at the punishment phase of her capital trial to get the death penalty.

D. Does serious prosecutorial misstatement require granting the writ?

In order to get the judge to accept the plea, the prosecutor told the judge that there was a collision with a vehicle. The parties stipulated at the hearing on habeas that there was no collision with a vehicle. Applicant does not have to show bad faith, only materially incorrect statement of fact.

E. Do serious collateral consequences preclude a finding of mootness?

They do.

The dwi conviction was used at the punishment phase of the capital murder trial. It was the only evidence of prior criminal conviction.

If a conviction which was admitted at the punishment phase of a capital trial is overturned, then the judgment

9

**Scanned  Jun 18, 2013**

in the capital case will be reversed and the capital case remanded.   U.S.578(1988) A void misdemeanor conviction used to enhance a subsequent prosecution to a felony requires vacating the felony conviction.**McNealv.State**,502 S.W.2d157(Tex.Crim.App.1973)

Here is the test which the Supreme Court of the United States used to assess the importance of the overturned conviction (from New York) which had been used at the capital trial (in Mississippi): "Here the jury was allowed to consider evidence that has been revealed to be materially inaccurate.9" **Johnson** at 590

Post-trial litigation is in process. The application for a post-conviction writ of habeas corpus is now pending.

The dwi conviction is not moot. It is still being used to uphold her sentence of death.

The Court of Appeals should determine that the dwi conviction is not moot. It should decide the issues presented.

F. Was Applicant indigent and without counsel during the thirty-day period following sentencing on the dwi? Did the trial court appoint counsel for her to appeal? Should the Court of Appeals find that she was denied a meaningful appeal? Should the Court of Appeals grant her an out-of-time appeal? Time to file an out-of-

10

**Scanned  Jun 18, 2013**

time motion for new trial? A new trial?

She was indigent and without counsel during the thirty-day period following sentencing on the dwi. The trial judge did not explain what an appeal was or how to get one or that she had a right to appointed lawyer on appeal as well as a record at the cost of the state.

She never waived a lawyer to file a new trial. She was indigent. People with money can hire lawyers to file motions for new trial. Not providing her with a lawyer during the time to file a motion for new trial denies her federal equal protection. U.S.CONST.amend.XIV, XV.  Not providing her with a lawyer during the time to file a motion for new trial denies her Texas' equal protection.  TEX.CONST.art.I,sec.20;  TEX.CONST.art.I,sec.3a  A state's failure to follow its own law violates federal due process. **Hicks v. Oklahoma,**447 U.S.343(1980) The Court of Appeals should allow the out-of-time filing of a motion for new trial, an out of time appeal, or a new trial.

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(i), Applicant provides the following argument, with appropriate citations to authorities and to the record:

   A. Was applicant's waiver of  jury void?

      1) Under U.S.CONST.amend.VI?

      2) Under TEX.CONST.art.I,sec.10?

   Although generally the two constitutions provide the same level of protection, even so, having been deprived of jury trials when we were part of Mexico, the framers of every Texas constitution, including that of 1869 during the military occupation, from the Republic in 1836 to the present Basic Law adopted in 1876, have described the "right of trial by jury, [as] that palladium of civil  liberty, and only safe guarantee for the life, liberty, and property of the citizen." THE TEXAS DECLARATION OF INDEPENDENCE,¶9 Laws of the Republic of Texas(Printed by Order of the Secretary of State,2 vols.;Houston,1838)I,3-7; "[T]he accused...shall have the right to a speedy and public trial, by an impartial jury."CONSTITUTION OF THE REPUBLIC OF TEXAS, Declaration of Rights,Sixth(1836); "The right of trial by jury shall remain inviolate."CONSTITUTION OF THE REPUBLIC OF TEXAS, Declaration of Rights,Ninth(1836); "In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury." CONSTITUTION OF THE STATE OF TEXAS(1845),sec.8; "The right of trial by jury shall remain inviolate." CONSTITUTION OF THE STATE OF TEXAS(1845),sec.11; "In all criminal prosecutions, the accused

12

**Scanned  Jun 18, 2013**

shall have a speedy public trial, by an impartial jury." CONSTITUTION OF THE STATE OF TEXAS (1869)SECTION VIII; "The right of trial by jury shall remain inviolate." CONSTITUTION OF THE STATE OF TEXAS (1869)SECTION XII; "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. CONSTITUTION OF THE STATE OF TEXAS (1876)art.I,sec.10; "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." CONSTITUTION OF THE STATE OF TEXAS (1876)art.I,sec.15

Indeed, we were so wary of waivers of jury that for a time one could not plead guilty to a judge, as such a plea had to be heard by a jury. **Harwell v. State**,19 Tex.App.423 hn1(Tex.App.1885) Code Cr.Proc. art. 519, Vernon's Ann.C.C.P. art. 502 The Court of Criminal Appeals expressed its reservations about guilty pleas:

> "The statute invoked is a beneficient one, and was designed alike for the protection of the prisoner and the public against the imposition and fraud of mercenary persons and unscrupulous officers in procuring prisoners to plead guilty through ignorance, fear or illusive promises, when a fair trial might show them to be not guilty; and the court whose duty it is to try persons charged with crime cannot be too vigilant in carrying out this statute according to its true spirit, in cases where

13

**Scanned  Jun 18, 2013**

such plea is interposed; and this court will not hesitate, whenever in any case any reasonable doubt exists as to a full compliance with its requirements, to set aside the sentence imposed." **Kocich v. State**, 94 Tex.Crim.74(1923)

So, the standard for review of the voluntariness of a waiver of jury is beyond a reasonable doubt. **Kocich v. State**, 94 Tex.Crim.74(1923)

A review of Ms. Lucio's answers at the hearing on the application for a writ of habeas corpus to questions about her waiver of a jury at her plea of guilty to driving while intoxicated demonstrates that she did not understand what she was giving up. The Court of Appeals should have a reasonable doubt about whether she understood the jury waiver. It should vacate the plea dependent upon that jury waiver and should order a new trial.

Ms. Lucio did not know: "how many people there are on a misdemeanor jury" (RR Habeas 25/16-17), "How many have to agree before they can find you guilty" (RR Habeas 25/19-20), "How many have to agree before they can find you not guilty" (RR Habeas 25/22-24), "What happens if they cannot agree on whether or not you are guilty (RR Habeas 27/6-8), "What happens if the jury cannot agree on punishment (RR Habeas 27/9-11), that the "judge would tell the jurors that they had to presume you innocent" (RR Habeas 27/15-17), that "the judge would tell the jurors that they had to find

14

**Scanned Jun 18, 2013**

you not guilty unless the State proved you guilty beyond a reasonable doubt (RR Habeas 27/22-28/1), that if "even one juror was not convinced, the jury could not find you guilty (RR Habeas 28/2-4), that she could "excuse three of them just because you didn't think they could be fair" (RR 28/ 5-9), that the "judge would excuse people who said they could not presume you innocent"(RR Habeas 28/10-12), "that the judge would tell the jurors that they must not consider it against you if you did not testify at the trial" (RR Habeas 28/20-23), that the judge would excuse people from being on the jury who "would consider it against you if you did not testify" (RR Habeas 28/25-29/2), that the "State would use your DWI conviction against you at a later trial to ask for the death penalty" (RR Habeas 29 7-12), what "would happen if the jury could not reach a verdict" (RR Habeas 29/20-22), what would have happened "if the policeman did not come to court" (RR Habeas 30/8-10), that "the judge would tell the jury that the State had to justify a warrantless arrest" (RR Habeas 31/5-7), that a prospective juror who "could not disregard illegally obtained evidence...then that person couldn't be on the jury" (RR Habeas 31/16-19), or "what an appeal is" (RR Habeas 32/15-17), that an appellate court "could give you a new trial in guilt or innocence"(RR Habeas 35/18-20), or that "an appellate court[can]find you not guilty" (RR Habeas 35/24-25), or "a new trial on punishment (RR Habeas 35/21-23), that she could have "both

15

**Scanned  Jun 18, 2013**

records at the cost of the state" (RR Habeas 36/23-37/1).

She just did not know what she was giving up when she gave up a jury trial. (RR Habeas 25/16-37/1)

Ms. Lucio was harmed because she was eligible for probation but got the maximum sentence. She had never "been convicted of a DWI before". (RR Habeas 19/24-25) She did not know "that a lawyer could have helped you file an application for probation". (RR Habeas 20/2-4) Ms. Lucio desired and was deprived of her constitutional right to a trial by jury and did not fully understand and intend to waive a jury trial. **McCain v. State**, 67 S.W.3d 204(Tex.Crim.App.2004) That not knowing is inherent in and discernible from her application for a writ of habeas corpus.

**Failure to hold an arraignment impacts the voluntariness of waiver of counsel and waiver of counsel.**

"Although Article 26.01, V.A.C.C.P., provides that in "all misdemeanor cases punishable by imprisonment, there shall be an arraignment," the legislative purpose was to provide a final opportunity for an indigent accused to obtain appointed counsel. Special Commentary—1963. Thus an accused would be able to respond to functional inquiries of the trial judge and to state his plea upon advice and with aid of counsel. However, the constitutional requirement for appointment of counsel at arraignment or for trial does not apply where from a measure of the seriousness and gravity of the misdemeanor offense the trial judge is satisfied the court will not

16

**Scanned  Jun 18, 2013**

assess punishment of imprisonment." **Price v. State**,866
S.W.2d 606,611 hn3(Tex.Crim.App.[en banc]1993)

The trial court did indeed impose a sentence of imprisonment,
"180 days". (CR 08/line 5) There was no arraignment. Ms. Lucio was
harmed by there not having been an arraignment; had there been an
arraignment, she would have had a "final opportunity for an
indigent accused to obtain appointed counsel." **Price v. State**,866
S.W.2d 606,611 hn3(Tex.Crim.App.[en banc]1993) Without counsel, she
gave up her right to a jury trial. The failure to have an
arraignment is not harmless beyond a reasonable doubt, precisely
because she was indigent and lost the right to counsel as well as
her right to a jury trial, not to mention her right to a direct
appeal.(CR 09, 4th grammatical paragraph,line 4)

Ms. Lucio's waiver of a lawyer was void. She did not
understand what she was giving up. No lawyer explained it to her,
for she had none, though incarcerated and indigent. The judge did
not. The documents did not. Certainly no one explained the sure
consequence of a conviction. The very prosecutor, Armando
Villalobos, who got her convicted of driving while intoxicated was
the very same one, Armando Villalobos, who was prosecuting her for
capital murder and seeking death. The Court of Appeals will please
take judicial notice that Armando Villalobos was the one who
prosecuted Ms. Lucio for capital murder. TEX.R.EVID.201(d) An
appellate court may take judicial notice of documents pending in

17

**Scanned  Jun 18, 2013**

another court involving the same parties. **Turner v. State,** 733 S.W.2d 218,223 hn1(Tex.Crim.App.1987) **Lucio v. State,** 351 S.W.3d 878(Tex.Crim.App.2011) was decided in 2011. The Court of Appeals will please take judicial notice that Mr. Villalobos was the District Attorney for Cameron County in 2011. TEX.R.EVID.201

> "When the indictment was returned Judge Manry wasdistrict attorney of the district, and after the death of Judge Hightower was appointed as his successor. These facts, of course, are judicially known to this court." **Strahan v. State,** 221 S.W.2d 976(Tex.Crim.App.1920)

The prosecutor in the driving while intoxicated case, Mr. Villalobos, was certain to use that driving conviction at the punishment phase of the capital trial, in which he was again the prosecutor. This use was more certain than an alien convicted of a misdemeanor involving moral turpitude is to be deported. See **Padilla v. United States,** 130  S.Ct.1473,1475(2011)[Syllabus] Padilla's conviction was reversed because he was not informed about the consequences, collateral consequences at that, of his plea...namely that he was sure to be deported, excluded, never naturalized. Padilla's lawyer was ineffective for not telling Padilla he was sure to be deported. Ms.Lucio did not even have a lawyer, with her life in the balance, to tell her of the sure consequences of her plea. (RR,Dwi Trial,passim; CR 08-09)

> "[I]nformed consideration of possible deportation can benefit both the State and noncitizen defendants, who may be able to reach agreements that better satisfy the

18

**Scanned  Jun 18, 2013**

interests of both parties." **Padilla v. United States**,130 S.Ct.1473,1475(2011)[Syllabus]

Padilla's plea was vacated because it was uninformed. Ms. Lucio's plea should be vacated because it was uninformed. Padilla's plea was vacated because he did not know he was sure to be deported. A reading of the reporter's record should leave the Justices of the Court of Appeals with a reasonable doubt about whether her waiver of a jury was voluntary. **Kocich v. State**,94 Tex.Crim.74(1923)

In Lucio, the waiver (CR09) only mentions in very general terms that her dwi conviction could be used against her in a subsequent proceeding. No lawyer told her,

> "You are being detained for capital murder. Now they are prosecuting you for driving while intoxicated. If you plead guilty to dwi, the state will use the dwi against you at the capital trial." (CR09)

The result in Lucio should be the same as in **Padilla:** a finding that the defendant was not told of the sure collateral consequences of her plea, a vacating of the judgment of conviction in the dwi matter, and an order for a new trial.

The waiver of counsel was unknowing because it was uninformed as to what she surrendered and uninformed as to the life-or-death consequences of her hurried decision.

Once it has granted persons charged with a misdemeanor a right to counsel in a misdemeanor trial in which punishment by jail is actually imposed, federal equal protection requires that it afford

19

**Scanned  Jun 18, 2013**

equally  situated  persons  equal  protection  of  the  law.
U.S.CONST.amend.XIV,XV.

Once it has granted persons charged with a misdemeanor a right to a jury trial, state equal protection requires that it afford equally  situated  persons  equal  protection  of  the  law.
TEX.CONST.art.I,sec.20,sec.3a

Applicant has a constitutional right to a jury trial. TEX.CONST.art.I, sec.10; U.S.CONST.amend.VI

The lower court should have determined that Ms.Lucio did not understand the waiver of a jury. In a misdemeanor writ of habeas corpus, the trial court itself has the power to grant a new trial. TEX.CODE CRIM.P.art.11.09 (This is unlike the felony procedure, in which the trial court recommends a new trial, but the final decision is left to the Court of Criminal Appeals of Texas. TEX.CODE CRIM.P. art.11.07)

The County Court at Law Number Three should have issued the writ and granted a new trial.

"The record reveals that the petitioner waived his right to trial by jury and entered a plea of guilty before the court. The judgment of conviction is attacked as void because of the failure of the trial court to appoint counsel to represent the petitioner upon the trial of the case. Texas Code of Criminal Procedure art. 1.13 provides that before a defendant who has no attorney can agree to waive a jury, the court must appoint an attorney to represent him. This provision is mandatory. See also Jenkins, #433 S.W.2d 701, case 1 (Tex. Crim. App. 1968) (Habeas corpus-robbery by assault); Pennington, #433 S.W.2d 701, case 2 (Tex. Crim. App. 1968) (Habeas corpus-robbery by assault); Walters, #431 S.W.2d 552 (Tex. Crim. App. 1968) (Habeas corpus-theft of automobile)." **Burns v. State,**441 S.W.2d 532 (Tex. Crim. App. 1969) (Habeas corpus-robbery by

20

**Scanned  Jun 18, 2013**

assault)

Burns was a felony, but there are requirements for waiver of a jury trial in misdemeanors as well. Waiver of right to jury trial in misdemeanor case could not be inferred from fact that defendant and his trial counsel participated, without objection, in nonjury proceedings and made no complaint regarding nonjury trial until filing of his appeal. **Samudio v. State**,635 S.W.2d 183 (Tex.App.-Houston[1stDist.]1982),affirmed 648 S.W.2d 312, certiorari denied 103 S.Ct. 3113, 462 U.S. 1132, 77 L.Ed.2d 1368.

In a misdemeanor case, waiver of a jury trial need not be in writing; however, mere acquiescence in a nonjury proceeding does not constitute a waiver and unless defendant expressly waives the right, the trial must be to a jury even though judgment erroneously recites that the right was waived. **Samudio v. State**,635 S.W.2d 183 (Tex.App.-Houston[1stDist.]1982),affirmed 648 S.W.2d 312, certiorari denied 103 S.Ct. 3113, 462 U.S. 1132, 77 L.Ed.2d 1368.

The Court of Appeals should not rely solely on the documents on file. Applicant was without counsel. Any recitation of knowing waiver a jury is erroneous, as was the case in **Samudio** who even *had* counsel.

We "agree that an involuntary waiver of the right to a jury trial will render a judgment void". **State v. Vasquez**,140S.W.3d758,760 hn3(Tex.App.-Houston[1st Dist.]2004,no pet.) The Court of Appeals should find the judgment void and order

21

**Scanned  Jun 18, 2013**

appropriate relief.

    B. Was applicant's waiver of counsel void?

       1) Under U.S.CONST.amend.VI?

       2) Under TEX.CONST.art.I,sec.10?

    Ms. Lucio's waiver of counsel was indeed void.

    The Court of Appeals should have a reasonable doubt about whether her waiver of counsel was voluntary.  It should have such a doubt based on its reading of the reporter's record of the hearing on habeas. Her waiver, like Padilla's, was uninformed, since she was not told of the sure use of her dwi conviction in her later capital trial.

    **Waiver of counsel**

    In the oral arguments before the Supreme Court of the United States in **Miranda v. Arizona**, the lawyer for the Petitioner was asked if his client was forced to confess. His reply was, "No, Your Honor, he was called upon to surrender a right he did not fully understand." May it Please the Court,Irons,ed.(The New Press 2007)ISBN: 978-1-59558-090-0  Miranda did not understand his right to remain silent. Ms. Lucio simply did not understand her right to a lawyer. We can tell from her answers to questions about a jury trial, all of which she answered in the negative (RR 16/1-25/15 Hearing on Application for Post-conviction Writ of Habeas Corpus[hereafter "Habeas"])

    Here is the standard of review for the voluntariness of waiver

22

**Scanned  Jun 18, 2013**

of counsel: "The facts provide "no reasonable basis" for finding valid waiver of right to counsel." **Brewer v. Williams**, 430 U.S. 387, 405,hn11 97(1977) In Lucio, a woman who had been in jail for 88 days, without a lawyer, goes to court, rapidly pleads guilty, gets the maximum custodial sentence,waives the opportunity to prove that the prosecutor's representation that there was a collision is simply false, and is left without a lawyer to file a motion for new trial or to file a notice of appeal. There is "no reasonable basis for finding a valid waiver of counsel." The Court of Appeals should reject the waiver and order a new trial.

She had been in jail for "88 days" when she "went to court in this DWI case".(RR Habeas 16/21-24) She did not have a lawyer "all the time" she was "in the Cameron County jail" nor when she "went to court in this DWI case". (RR Habeas 16/20-25) She did not "know...that a lawyer could file a motion to exclude" her answers to the policeman who stopped her. (RR Habeas 16/7-10)  She did not know that the judge "would hold a hearing out of the presence of the jury to decide whether to let a jury hear those answers". (RR Habeas 16/11-14) She did not know that a lawyer could "have asked the judge to tell the jury to disregard these answers under certain circumstances". (RR Habeas 16/15-18) She did not know that "a lawyer could ask the judge to exclude the portable breathalyzer [reading]..." (RR Habeas 16/22-24)

Nor did she know that a "lawyer could move to exclude the

23

**Scanned  Jun 18, 2013**

portable breathalyzer" if it "were not correctly calibrated" or if the "operator were not properly certified". (RR Habeas 18/5-13) She did not know that a lawyer "could have made the State say which of the two ways they would use to try to prove that you were intoxicated...." (RR Habeas 7-9)

She had never "been convicted of a DWI before". (RR Habeas 19/24-25) She did not know "that a lawyer could have helped you file an application for probation". (RR Habeas 20/2-4)

She did not know that a lawyer could keep the state from any "comment on your failure to testify" or right to "ask the policeman questions" or that "most people in Cameron County get probation for first time DWI". (RR Habeas 20/5-17)

Her answers to the rest of the questions show that, like Miranda, she was called upon to "surrender a right she did not fully understand."

She did not know that a "lawyer could have asked the policeman" questions. (RR 23/16)

48. There was no collision?

49. That is just not true?

50. The judge told you at page 5,lines 23-24 "Based on what I hear that's read into the record off a report or a statement I can decide your guilt or innocence and I can decide your punishment."  Did you know a lawyer could have questioned the policeman about whether there really was a collision?

24

**Scanned  Jun 18, 2013**

51. Did you know a lawyer could have asked the policeman if the policeman was mistaken or confused about any collision?

(RR Habeas 25/8-15)

She did not understand the right she was surrendering. The Court of Appeals should determine that the waiver of counsel was not voluntary. It should set aside the plea of guilty and order a new trial on the dwi charge.

She did not understand the right she was giving up. The Court of Appeals should determine that the waiver of counsel was not voluntary. It should set aside the plea of guilty and order a new trial on the dwi charge.

Similarly, the waiver of counsel was uninformed, unknowing, involuntary, under both constitutions. One eligible for probation got 180 days in jail? One eligible for probation and indigent got a thousand dollar fine? The waiver was unknowing. No one told her she was eligible for probation. The judge did not. The documents did not. No lawyer so counseled her, for she had none, notwithstanding that she was jailed and penniless.

There was no lawyer to question the policeman whose report said that there was a collision. The parties at the hearing on the application for habeas corpus stipulated that, called as a witness, he would say that there was not a collision.

No lawyer questioned the prosecutor's statement to the judge that there was a collision, a statement of purported fact

25

**Scanned  Jun 18, 2013**

calculated to induce the judge to accept the plea of guilty.

No lawyer was there to question whether the policeman was remembering a different person, a different incident, than Ms. Lucio's, since the police report made reference to a collision which did not happen.

The waiver of counsel was uninformed and unknowing. It was involuntary. It was as uninformed of the consequences as that of the alien who pleaded guilty without knowing that one of the consequences was that he was sure to be deported. **Padilla,supra** The same prosecutor who prosecuted her for dwi was the same prosecutor who used that dwi conviction at the punishment phase of the capital trial he conducted to demand and get the death sentence.

The Court of Appeals should determine that the writ should issue and a new trial be held.

**The failure to explain the waiver of appeal bears upon the voluntariness of the waiver of jury and the waiver of counsel.**

There are three waivers in the document assailed: jury,counsel, appeal. (CR 09-10) The judge never explained the waiver of appeal. (RR Dwi Trial,passim) When there are three waivers but the Court does not explain one, that failure impacts the voluntariness of the other waivers.

The Court of Appeals may rely upon opinions of other jurisdictions. "Numerous decisions of other appellate courts, including Texas courts of

26

**Scanned  Jun 18, 2013**

appeals and courts of other jurisdictions, are in accord with our

holdings...."**Lawrence v. State**,240   S.W.3d   912,917   hn12

fn24(Tex.Crim.App.2007)

The Supreme Court of California decided that substantial

compliance is inadequate; admonitions about two out of three

consequences was insufficient. **People v. Superior Court(Zamudio)**,96

Cal.Rptr.2d 463,466(Cal.2000)

> "Zamudio was advised, when pleading no contest in 1992 to
> the felony of unlawful driving or taking of a vehicle
> without the owner's consent (Veh.Code, § 10851), that
> conviction of that offense might have the consequences of
> his being deported or barred from naturalizing to United
> States citizenship, but he was not advised the conviction
> might also result in his being excluded from admission to
> this country...." **People v. Superior Court(Zamudio)**,96
> Cal.Rptr.2d 463,466(Cal.2000)

Ms. Lucio would have been better off with an ineffective

lawyer than no lawyer; this Court found a lawyer ineffective for

failure to explain waivers. **Diaz v. State**,905   S.W.2d

902(Tex.App.-Corpus Christi 1995,no pet.) Ms. Lucio had no lawyer.

No lawyer explained what an appeal was to her, nor a jury, nor

right to counsel.

The judge never orally explained the waiver of appeal. (RR

Habeas,passim) Failure of the judge orally to explain a waiver,

even though the waiver is contained in a written instrument, may

vitiate the waiver. **Diaz v. State**,905   S.W.2d   302,309

hn17(Tex.App.-Corpus Christi 1995,no pet.)

> "The non-citizen-deportation consequences admonition was
> not orally mentioned but it and the range of punishment

27

**Scanned  Jun 18, 2013**

> are found in the written admonitions filed in the record. This document was apparently one of the documents executed under the conditions explained by appellant and his counsel." **Diaz v. State**, 905 S.W.2d 302,309 hn17(Tex.App.-Corpus Christi 1995,no pet.)

The issue is the voluntariness of the waiver. The Court of Appeals should find that the waiver of appeal was involuntary. It should consider the involuntariness of that waiver of appeal when determining the voluntariness of the waivers of jury and counsel.

C. Was applicant's plea voluntary?

It was not voluntary.

It was not voluntary because it was not fully informed of the rights renounced.

It was not voluntary because it was not fully informed of the serious collateral consequences of pleading guilty...that the dwi conviction would be used at the punishment phase of her capital trail to get the death penalty.

The trial court's failure to admonish the defendant that the offense carried a possible death penalty was undisputed. **Ex Parte Taylor**, 522 S.W.2d 479(Tex.Crim.App.1975) Taylor got life, not death. No harm was found. The Court of Criminal Appeals later overruled Taylor, saying the judge himself had to admonish, not the prosecutor. **Ex Parte Whitten**, 587 S.W.2d 156(Tex.Crim.App.1979) Then it overruled Whitten, saying that failure to admonish a U.S.citizen about deportation was subject to harmless error. **Jimmy Don Cain v. State**, 947 S.W.2d 262(Tex.Crim.App.1997) Finally a rule was

28

**Scanned  Jun 18, 2013**

announced setting up constitutional harm analysis and non-constitutional harm analysis. **Aguirre-Mata v. State,** 992 S.W.2d 495(Tex.Crim.App.1999)

Applicant was denied constitutional due process of law and due course of law when the judge failed to explain the serious collateral consequence of the plea, that it was sure to be used against her by the same prosecutor who was prosecuting her for capital murder. The trial court's failure to admonish her of that consequence caused her plea to be obtained in violation of the Due Process Clause of the Fifth Amendment made applicable to the States through the Fourteenth Amendment. U.S.. CONST. amend. V, XIV; see **McCarthy v. U.S.,** 394 U.S.459,464 hn3(1969) McCarthy was not told by the judge what he was charged with. The judge did explain the consequences. The plea was vacated. The corollary is also true, witness **Padilla, supra**, who was not told of the consequences and whose plea was set aside. True, McCarthy deals with a rule setting out the obligations of the judge and Padilla has to do with the consitutional effectiveness of counsel. But the purpose of that rule and the end of that constitution is a voluntary plea.

It also deprived her of due course of law. TEX.CONST.art.I,secs. 13 & 19.

> "The decisions of the Supreme Court represent the minimum protections which a state must afford its citizens. 'The federal constitution sets the floor for individual rights; state constitutions establish the ceiling.' LeCroy v. Hanlon, 713 S.W.2d at 338." **Heitman v. State,**

**Scanned  Jun 18, 2013**

815 S.W.2d 681,689 hn1(Tex.Crim.App.1991)

All the decisions of the Court of Criminal Appeals on admonitions cited above are drawn into questions by **Padilla v. Kentucky**,130 S.Ct.1473(2010) The dissenters in Padilla said that the concurring Justices based the concurrence on Fifth Amendment due process concerns as applied to the state through the Fourteenth Amendment. **Padilla** at 1496 ¶4

The Court of Appeals should find that the plea was not voluntary, after reviewing the entire record.

D. Does serious prosecutorial inaccurate statement require granting the writ? (In order to get the judge to accept the plea, the prosecutor told the judge that there was a collision. The parties stipulated at the hearing on habeas that there was no collision.)

It does.

The prosecutor told the judge at the plea of guilty to dwi that there was a collision.

The parties stipulated at the hearing on the application for the writ of habeas corpus that there was no collision.

This was a substantial misrepresentation of a material fact calculated to prompt the trial judge to accept the plea of guilty. The representation of the "collision" was material because a collision made it more likely that the charge was true; impaired

30

**Scanned  Jun 18, 2013**

drivers are more likely to be in collisions. So, the judge had some evidence other than the plea to impel him to accept the plea itself.

It does not matter that there need be no evidence to sustain a misdemeanor plea of guilty.  While the state is free to offer no evidence in a misdemeanor case, it may not offer misleading or materially inaccurate evidence.

> "[A] prosecutor's duty to correct false testimony "also encompasses situations in which the government allows materially misleading statements to go uncorrected," even if the statements are not perjured. United States v. McClintic, 570 F.2d 685, 692 (8th Cir.1978) (citing United States v. Harris, 498 F.2d 1164, 1169 (3d Cir.), cert. denied, 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 665 (1974)). The decision of the Third Circuit Court of Appeals in Harris, on which McClintic relied and Johnson now relies, admittedly used broad language about the prosecution's duty to disclose false testimony of a witness not being limited to situations where the prosecution knows that the witness has committed perjury. Harris, 498 F.2d at 1168-69.*** {This} s "[must] be disclosed to the judge...." **Johnson  v.  U.S.,** 82  Fed.R.Serv.3d 128,143(N.D.Iowa[Central Div.]2012)

The prosecutor told the judge there was a collision. At habeas the parties stipulated that Officer Yañez, who stopped Ms. Lucio, would testify that there just was no collision. This was the "materially misleading statement" noted in  **United States v. McClintic,** 570 F.2d 685, 692 (8th Cir.1978) (citing United States v. Harris, 498 F.2d 1164, 1169 (3d Cir.), cert. denied, 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 665 (1974)) Without a collision, the judge might not have even accepted the plea. With it, he imposed the maximum custodial sentence possible...180 days in jail, plus a

31

**Scanned Jun 18, 2013**

$1,000 fine.

Constitutional analysis is required. **McClintic** noted that such disclosures are "rudimentary demands of a fair trial". Both Constitutions guarantee a fair trial. U.S. CONST.amend.VI;TEX.CONST.art.I,sec.10. A constitutional harm analysis [as opposed to a statutory harm analysis]requires that the Court of Appeals cannot say beyond a reasonable doubt that the error did not affect the outcome.

> "In this case, the government inexcusably neglected to correct the misleading impression made by the memoranda of negotiated pleas and to fully and accurately disclose the true nature of the plea bargain. But in order to justify a new trial we must weigh the reasonable impact of the omitted evidence on the jury verdict." **United States v. McClintic,** 570 F.2d 685, 692hn10(8th Cir.1978)

In **McClintic** the jury knew that the "flipped" witnesses for the government would not be incarcerated. It did not matter whether their cases were dismissed or whether they got probation. The government's failure to disclose did not affect the verdict, said the appellate court. **United States v. McClintic,** 570 F.2d 685, 692hn10(8th Cir.1978)

But in Lucio's case, the prosecutor's statement to the judge that there was indeed a collision when there is a stipulation that the stopping officer would say that there was not a collision did affect the judgment of conviction and the punishment. The judge accepted the plea and gave Ms. Lucio the maximum custodial punishment. Without the prosecutor's unfounded representation that

32

**Scanned  Jun 18, 2013**

there was a collision the judge might not have even accepted the plea. The Court of Appeals should have a reasonable doubt about whether the judge would have imposed the maximum custodial sentence had there been no representation that there was a collision.

The Court of Appeals should remand for a new trial.


E. Do serious collateral consequences preclude a finding of mootness? (Anticipatory rebuttal)


They do.

Even a prison job classification can be a serious collateral consequence.

The dwi conviction is not moot because the dwi conviction is still being used to uphold Ms. Lucio's conviction of capital murder and sentence of death.

**Serious collateral consequences an exception to mootness**


If the applicant has served the sentence imposed in the conviction which is the subject of an application for a writ of habeas corpus, but there are serious collateral consequences of the judgment remaining, then the matter is not moot and the writ will lie. **Ex Parte Morse,** 591 S.W.2d 904,905-906 hn4(Tex.Crim.App.1980)

> "Petitioner urges that the relief he seeks is not
> moot because he has served the punishment assessed
> in Cause No. 5969 in that such conviction has had
> adverse collateral consequences in the form of

33

**Scanned  Jun 18, 2013**

parole consideration and prison job classification. **Kocich v. State,** 94 Tex.Crim.74 (1923)

Ms. Lucio avers the following serious collateral consequence: the dwi conviction was used at the punishment phase of her capital murder trial to get a death sentence.

Another opinion of the Court of Criminal Appeals of Texas is to the same effect:

> "The petitioner alleges that "... said illegal conviction has caused and continues to cause adverse collateral legal consequences to petitioner in the form of parole consideration, prison and job classification, impeachment and enhancement purposes ..." The *925 petitioner properly cites and relies upon Ex parte Burt, 499 S.W.2d 109 (Tex.Cr.App.1973); Ex parte Jentsch, 510 S.W.2d 320 (Tex.Cr.App.1974); Ex parte Langston, 510 S.W.2d 603 (Tex.Cr.App.1974); Ex parte Guzman, 551 S.W.2d 387 (Tex.Cr.App.1977); Ex parte Harp, 561 S.W.2d 180 (Tex.Cr.App.1978).
> Under the record before us the petitioner's conviction for theft on the indictment alleging the offense of burglary is void. The petitioner has served the sentence imposed on this conviction, but because of the serious collateral consequences, he is entitled to the relief he seeks. The conviction is set aside."It is so ordered. **Exparte Sewell,** 606

S.W.2d 924 (Tex.Cr.App.1980)

After a person has served a sentence, even such consequences such as prison job classification preclude a finding of mootness. The serious collateral consequence in Ms. Lucio's case is that the same prosecutor who prosecuted her for dwi, where she waived a jury

34

**Scanned  Jun 18, 2013**

and waived a lawyer, and then got the maximum sentence for dwi,...that same district attorney subsequently prosecuted her for capital murder and used that very same dwi conviction at the penalty phase to argue for and get the death penalty. The conviction is not moot because the collateral consequence of the dwi conviction, the death penalty, is still at issue. Counsel represents to the Court of Appeals and asks it to take judicial notice that the application for writ of habeas corpus pursuant to TEX.R.CRIM.P.art.11.071 is now pending before the Court of Criminal Appeals of Texas. TEX.R.EVID.201. A"court may take judicial notice of the records of another court...." **In re A.R.,**236 S.W.3d 460,477 hn17(Tex.App.--Dallas 2007,no pet.)

> "**Brown v. Brown**, 145 S.W.3d 745, 750 (Tex.App.-Dallas 2004, pet. denied). Mother's argument ignores the critical distinction between **Brown** and this case. In **Brown,** we held a court may take judicial notice of the records of another court when it is provided with those records. Once a court has been provided with the necessary information, such notice is mandatory. Id." **In re A.R.,**236 S.W.3d 460,477 hn17(Tex.App.--Dallas 2007,no pet.)

The 11.071 writ is pending. Here is the online docket sheet of

35

**Scanned  Jun 18, 2013**

the Court of Criminal Appeals of Texas in the application for post-conviction habeas corpus pursuant to TEX.CODE CRIM.P.art.11.071, of which the Court of Appeals will please take judicial notice. TEX.R.EVID.201(d)

"TCO: Tx Courts Online Home

A-Z Index | FAQs | Search

Site Best Viewed 1024x768+


Courthouse photos courtesy

of texascourthouses.com.

Skip main navigation for Texas Court Online, go to main content navigation

TCOJudicial    DirectoryJudicial    InformationJudicial EntitiesEventsNewsLinksFor Trial Courts Skip sub navigation menu for Texas Courts Online, go to main navigation menu for Texas Courts Online      Texas

Court of Criminal

Appeals



 Case Search Results on Case # WR-72,702-02



Add to CaseMail  |  Printer-Friendly Version

36

**Scanned  Jun 18, 2013**

Case Information: Case Number: WR-72,702-02

Date Filed: 8/19/2011

Case Type: 11.071

Style: LUCIO, MELISSA ELIZABETH

v.:

Case Events:    Date Event Type Description

8/10/2012 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD Habeas Corpus
- Capital Death

7/27/2012 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD Habeas Corpus
- Capital Death

7/13/2012 CLERK'S RECORD FILED Habeas Corpus - Capital Death

7/9/2012 CLERK'S RECORD FILED Habeas Corpus - Capital Death

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/22/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/19/2011 ADDITIONAL VOLUME TO AN 11.071 WRIT RECORD

8/19/2011 11.071 WRIT RECD Habeas Corpus - Capital Death

8/19/2011 CLERK'S RECORD FILED

37

**Scanned  Jun 18, 2013**

```
5/26/2011 CLERK'S RECORD FILED


----------------------------------------------------------------
---------------




Calendars:   Set Date Calendar Type Reason Set

No records returned.

Parties:   Party Party Type

 LUCIO, MELISSA ELIZABETH Applicant (writs)/Appellant...


----------------------------------------------------------------
---------------




Court of Appeals Case Information: COA Case Number:

COA Disposition:

Opinion Cite:

Court of Appeals District:




Trial Court Information: Trial Court: 138th District Court

County: Cameron

Case Number: 07-CR-885-B-WR


                             38
```

**Scanned  Jun 18, 2013**

Judge: Arturo Cisneros Nelson

Court Reporter:

Hint: Click on the folder icons above for more case information.

Skip main content navigation, go to main content

General Information

powered by

■CCA Home

■Practice Before the Court

Internal Operating Procedures [pdf] | Rules & Procedures | Forms |
Issues | Oral Argument Instructions | Opinion Archives | Hand Down
Archives | TRAP Amendments Archives

■About the Court

Contact | Judges | Employment | Overview | Virtual Tour

Case Information

■Hand Down List

(Orders, Opinions & Statements)

■Case Search

■Opinion Search

■Case Submission Schedules

Case Mail

■Track Cases or Released Opinions

My Account | Case Tracking | Opinion Tracking | Register | Basics
| FAQs

39

**Scanned  Jun 18, 2013**

Texas Appellate Courts

■The Supreme Court of Texas

■Court of Criminal Appeals

■Courts of Appeals [by District-City]

1-Houston | 2-Fort Worth | 3-Austin

4-San Antonio | 5-Dallas | 6-Texarkana

7-Amarillo | 8-El Paso | 9-Beaumont

10-Waco | 11-Eastland | 12-Tyler

13-Corpus Christi/Edinburg

14-Houston

■Appellate Statistics


  Court of Criminal of Appeals  •  Supreme Court Building  •  P.O.
Box 12308  •  Austin, TX 78711  •  (512) 463-1551  •  Email Court
Accessibility Policy | Privacy & Security Policy | Open Records
Policy | State Web Site Link & Privacy Policy | Email TCO
Texas.gov | TRAIL | Texas Homeland Security | Where the Money Goes
| Legislative Appropriations Request [pdf]
O p e r a t i n g    B u d g e t    [ p d f ] ″
**http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=2826
81**(accessed October 3, 2012)


    Additionally, uncontested representations of counsel are taken
as  evidence.  A  Court  of  Appeals  noted,  "We  may  accept

40

**Scanned  Jun 18, 2013**

uncontroverted representations of counsel as evidence."**Davis v. State**, 130 S.W.3d 519, 521 hn3 (Tex.App.-Dallas 2004, no pet.) The matter in Davis was jurisdictional-the filing date of the notice of appeal. Counsel makes the following representations to the Court of Appeals: "My name is Larry Warner. I am an attorney licensed to practice law in Texas. I am attorney for Melissa Lucio. I know that the application for the 11.071 writ for Melissa Lucio is pending in the Court of Criminal Appeals of Texas because I have worked with the lawyer on that writ, Margaret Schmucker, since before the writ was even filed on coordinating the issues I presented on appeal with the issues she was to present on the writ."

A Court of Appeals took judicial notice of a docket sheet.

"Carl R. PRUETT and National American Insurance Company, Appellants, v. THE HARRIS COUNTY BAIL BOND BOARD, Appellee, International Fidelity Insurance Co, and Allegheny Mutual Casualty Co., Nominal Appellees. Court of Appeals of Texas, Houston (1st Dist.). August 25, 2009 ...requests this Court to take Tex. R. Evid. 201(d) judicial notice of its e-entry denoting O. Kyler Carter as counsel...

...for Appellee Eric G. Carter in the Essex Crane e - d o c k e t , o n l i n e www.1stcoa.courts.state.tx.us/opinions/party.asp? PartyID=202112." **Harris  Co.Bail  Bond  Bd.v.Pruett**,177

41

**Scanned  Jun 18, 2013**

S . W . 3 d 2 6 0 ( T e x . A p p . - H o u s t o n [ 1 s t
Dist.]2005,pet.granted,r.o.g.249    S.W.3d
447(Tex.2008))[Appellee's Brief]

This Court considers taking judicial notice of the federal
Pacer online material.

" Appellee asks this Court to take judicial notice of the
public records of Federal lawsuits filed by Kirk McBride
on the Pacer system." **Kirk Wayne MCBRIDE, TDCJ No.
1287097 Plaintiff-Appellant, v. TDCJ, et. al.,
Defendants-Appellees,___S.W.3d___**(Tex.App.-Corpus Christi
pending as of 10/3/12)[Appellee's Brief]

Texas courts may consider and rely on decisions of courts of
other jurisdictions. **Lawrence v. State,**240    S.W.3d
912(Tex.Crim.App.2007)

"Numerous decisions of other appellate courts, including
Texas courts of appeals and courts of other
jurisdictions, are in accord with our holdings...."
**Lawrence v. State,**240   S.W.3d   912,   918   hn12
fn24(Tex.Crim.App.2007)

A Court may take judicial notice of the pendency of
proceedings before another court by consulting online sources.**Hieng
v. U.S.,**Nos. CV-F-10-1620 OWW, CR-F-07-243 OWW.(E.D.Cal.Sept. 10,

42

**Scanned  Jun 18, 2013**

2010)(not selected for publication)2010 WL 3583163

"On September 25, 2009, Petitioner, represented by counsel, filed a Notice of Appeal. Petitioner's appeal was assigned Ninth Circuit case number 09-10401.1"***

"The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. See Fed.R.Evid. Rule 201(b); United States v. Howard, 381 F.3d 873, 876, fn. 1 (9th Cir.2004)." **Hieng v. U.S.,**Nos. CV-F-10-1620 OWW, CR-F-07-243 OWW.(E.D.Cal.Sept. 10, 2010)(not selected for publication)2010 WL 3583163 fn1

Looking at a state docket sheet online, a matter of public record, is like looking at a federal docketing of an appeal on the Pacer system. Both are public documents. Both may be accessed via computer. Both have information posted by public autorities...clerks. The essence of the admissibility of evidence is reliability. The Court of Appeals should rely on the online state documents and take judicial notice of them.

"Because the proponent of the testimony in this case failed to establish that the proffered testimony was ...reliable, the trial court did not abuse its discretion by excluding the...witness." **E.I.du Pont de Nemours and Co.,Inc. v. Robinson,**923 S.W.2d 549,550(1995) See **Kelly v. State**, 824 S.W.2d 568 (Tex.Crim.App.1992) [cited in **Robinson** at 555]

The Court of Appeals should take judicial notice of the pendency of the application for the 11.071 writ by Melissa Lucio in the Court of Criminal Appeals of Texas. The Court of Appeals should accept the representation of counsel to that effect.

The conviction in the misdemeanor is not moot. If it is

43

**Scanned  Jun 18, 2013**

vacated and a new trial ordered, Counsel may bring that to the attention of the state court of last resort in such matters, the Court of Criminal Appeals of Texas.  Admitting a prior conviction at the punishment phase of a capital trial,  which prior conviction was vacated on its own habeas after the capital trial was over, required a new trial on the capital murder charge. **Johnson v. Mississippi**,486 U.S.578(1988)

Johnson was convicted of capital murder and sentenced to death. A New York conviction was admitted at the punishment phase. After trial on the capital murder was over, his lawyers got the New York conviction vacated on habeas corpus. On direct appeal from the capital murder conviction and sentence of death, the Mississippi Supreme Court refused to consider that the New York conviction had been vacated. On certiorari to the Supreme Court of Mississippi, the Supreme Court of the United States reversed the judgment of the Supreme Court of Mississippi which had affirmed the trial court's judgment of conviction and sentence of death. The Supreme Court of the United States ordered a new trial. **Johnson v. Mississippi**,486 U.S.578(1988)

So, the dwi conviction is not moot.  Ms. Lucio is in a position analogous to that of Johnson.  She collaterally attacks a conviction used at the punishment phase of her capital murder trial.  This Court should determine that the dwi conviction is not

44

**Scanned  Jun 18, 2013**

moot and should decide the collateral attack.

The Court of Criminal Appeals of Texas has made a similar decision.

> "The record contains findings of fact and conclusions of law, entered by the Honorable *158 Rex Sullivan, Jr., Judge of the 46th District Court of Wilbarger County, reciting that appellant did not have counsel when he was convicted of the misdemeanor offense used as an element of the offense in question; and that no evidence was presented to controvert appellant's sworn statements that he was indigent and was not advised of his right to counsel.
>
> In view of the uncontroverted testimony and pleadings upon which the trial court's findings are based, we find that the relief sought under the application for habeas corpus should be granted and appellant should be released from confinement under the felony conviction for driving while intoxicated upon a public highway in Cause No. 6844 in the District Court of Wilbarger County. Ramirez v. State, Tex.Cr.App., 486 S.W.2d 371; Walker v. State, Tex.Cr.App., 486 S.W.2d 330." **McNeal   v.   State,** 502

S.W.2d157(Tex.Crim.App.1973)

So, the voidness of a prior misdemeanor conviction, later used to enhance a subsequent prosecution to make the subsequent prosecution a felony, makes the prior misdemeanor conviction a serious collateral consequence, precluding application of the doctrine of mootness. The Court of Appeals should consider and decide the substantive allegations of the application for post-conviction habeas corpus.

F. Was Applicant indigent and without counsel during the thirty-day period following sentencing on the dwi? Did the trial court appoint counsel for her to appeal? Should the Court of Appeals find that she was denied a meaningful appeal? Should the Court of Appeals grant her an out-of-time appeal? Time to file an

45

**Scanned  Jun 18, 2013**

out-of-time motion for new trial? A new trial?

Ms. Lucio was indigent and without counsel during the thirty-day period following sentencing on the dwi. The record does not reflect that the Court appointed counsel for her. She was denied a meaningful appeal. The Court of Appeals should grant her an out-of-time appeal. Should the Court of Appeals grant an out-of-time appeal, Mr. Warner will serve as counsel on direct appeal.

Disrgarding enumerated findings by the trial court, the Court of Criminal Appeals held "there is no evidence that the petitioner was other than indigent at the time...." Since the State "cannot now afford him a delayed meaningful appeal, the petitioner is entitled to a new trial." "Since it appears that the petitioner was indigent at the time...he was entitled to have a free record for his appeal and counsel appointed to represent him on appeal." **Garcia v. State,** 548 S.W.2d 405(Tex.Crim.App.1977)

Garcia gave notice of appeal, pro se. Ms. Lucio did not. The judge did not explain what an appeal was or how to get one or that she could have counsel appointed for her and a record at the cost of the state if she wished to appeal. The Court of appeals should treat Ms. Lucio like Garcia, one indigent (and incarcerated) entitled to an appeal. It should find her waiver of appeal involuntary. It should note that she did not have counsel at a critical time, the thirty days following sentencing, to file a

46

**Scanned  Jun 18, 2013**

motion for new trial and to file a notice of appeal.

It should grant her either an opportunity to file an out-of-time motion for new trial or an out of time appeal or a new trial.

By separate motion, Appellant moves the Court of Appeals for leave to withdraw her notice of appeal to secure a remand to the trial court for it to determine if Ms. Lucio had a lawyer during the 30 days following sentencing. Since the Court of Appeals has not decided the appeal, res judicata does not apply to preclude her from raising that issue in the trial court.

47

**Scanned  Jun 18, 2013**

Pursuant to TEX.R.APP.P.38.1(i), Applicant provides a short conclusion that clearly states the nature of the relief sought:

### CONCLUSION AND REQUEST FOR RELIEF

The Court of Appeals should find that Applicant is suffering serious collateral consequences from her unjuried, uncounseled, unappealed misdemeanor dwi conviction...it was used at the punishment phase of her capital trial to get death. It is still being used before the Court of Criminal Appeals of Texas in the yet-pending application for a writ of habeas corpus pursuant to TEX.CODE CRIM.P.11.071 to uphold her death sentence. The dwi conviction is not moot. The Court of Appeals should consider and decide Applicant's substantive issues.

The Court of Appeals should find that her waivers of jury and counsel were uninformed and involuntary. It should vacate the conviction and remand for a new trial. It should find that the plea was uninformed and involuntary. It should remand for a new trial.

It should find that the utterly unexplained waiver of appeal was involuntary. It should set a "start-over" date and grant her an out-of-time appeal.

It should find that Ms. Lucio was without counsel and indigent during the thirty-day period following her uncounseled, unjuried, unappealed plea of guilty to dwi. It should set a "start-over" date and grant her an out-of-time appeal and the opportunity to file a

48

Scanned  Jun 18, 2013

motion for new trial.

The Court of Appeals should find that while the state need not offer evidence in support of a misdemeanor plea of guilty, it may not offer misleading or materially inaccurate information. The prosecutor told the judge there was a collision. The parties now stipulate that there was no collision. Bad faith/good faith is irrelevant. The Court of Appeals should vacate the conviction and order a new trial.

Respectfully submitted,

By:

Larry Warner,
Attorney at Law
3109 Banyan; Harlingen, Tx 78550
(956)454 4994; 956 230 0361
Tx State Bar # 20871500
email: office@larrywarner.com
website: larrywarner.com
Bd.Cert.Crim.Law, TBLS (1983)
Member of the Bar of the
Supreme   Court   of   the   United
States(1984)
Attorney for Applicant

49

**Scanned  Jun 18, 2013**

\* \* \* \* \* \* \* \* \*
CERTIFICATE OF SERVICE
\* \* \* \* \* \* \* \* \*

I, Larry Warner, certify that I mailed a true and correct copy of Applicant's Brief, the document to which this certificate is attached, to:

Hon. Armando Villalobos, District Attorney; Cameron County Courthouse; 974 East Harrison; Brownsville, Tx 78520

Attention: Hon. Sam Smith, Assistant District Attorney; Cameron County Courthouse; 974 East Harrison; Brownsville, Tx 78520 by U.S. Postal Service this October 24, 2012.

*Larry Warner*

Larry Warner, Attorney at Law

3109 Banyan; Harlingen, Tx 78550

(956)454 4994; 956 230 0361
Tx State Bar # 20871500

email: office@larrywarner.com

website: larrywarner.com

Bd.Cert.Crim.Law, TBLS (1983)

Attorney for Applicant

\* \* \* \* \* \* \* \* \*
Certificate of compliance
\* \* \* \* \* \* \* \* \*

Pursuant to TEX.R.APP.P.9.4(i)(2)(B) and TEX.R.APP.P.9.4(i)(3), I state the "number of words in the document".[Tex. No.Misc.12-9129] (Aug.10,2012){eff.Dec.1,2012} See:79TEX.BAR JOURNAL No.9,p.712.

Relying "on the word count of the computer program used to prepare the document" I state that the "number of words in the document" is: "12473".

*Larry Warner*

50